LYNCH v. SIMMONDS et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. STOCKBROKERS—STOCK CARRIED ON MARGIN—SALE—LIABILITY.

Stockbrokers, who were carrying stocks for a client on margin, mailed him on May 20th a letter saying the market was very weak, and that they had been compelled to sell out some of his holdings, but still held certain stocks for him. The letter proceeded: "Your margin having become low we did not know just what you wished to do, but had to proceed as stated above. If you desire us to hold your stock kindly advise us before the opening of the market Thursday (May 21) and let us have a check, otherwise we will take it for granted you do not wish us to hold them for you." The client made no reply to this letter, and the brokers sold the stock on June 5th. *Held*, that the client's silence could not be construed as a direction to sell the stock on May 21st, so as to charge the brokers with the highest price obtainable on that date.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by George M. Lynch against Frederick Simmonds and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Charles Fox, for appellants.
Maurice Mayer, for respondent.

SCOTT, J. The defendants, as stockbrokers, were carrying certain stocks for plaintiff on margin. On May 20, 1903, they mailed him a letter in which they called his attention to the fact that the market was, as they expressed it, "very weak," and they had been compelled to sell out some of his holdings. They still held for him certain other stocks, and, in the letter referred to, they said:

"Your margin having become low we did not know just what you wished to do, but had to proceed as stated above. If you desire us to hold your stock kindly advise us before the opening of the market Thursday (May 21) and let us have a check, otherwise we will take it for granted you do not wish us to hold them for you."

The plaintiff received this letter some time on the 21st of May—he does not say at what hour—but made no reply to it, and in fact never replied to it. The defendants held the stock until June 5th, when they sold, leaving a balance due plaintiff of $2.38. The plaintiff now contends that his silence should have been accepted by defendants as an order to sell the stock on May 21st, and the justice has awarded him judgment for the sum that would have been due him if the stocks had been sold at the highest price obtainable on that day.

To this view we are unable to accede. The letter of May 20th deals with the question of plaintiff's margin. It calls his attention to the fact that his margin is running low, and it will be desirable that further margin be furnished, if he desires to hold onto his stock. Nothing is said about selling the stock at any particular time, and the letter is certainly open to the construction that what the defendants meant was that, unless the plaintiff deposited further margin, they should assume that he did not wish them to carry the stocks any longer than the margin he then had would suffice for. It is to be presumed that the plaintiff was carrying the stock for speculative purposes, and he might well have objected if defendants had sold him out before the margin already deposited had been exhausted, or had approached dangerously close to the point of exhaustion. It is quite possible that, after sending this letter, and awaiting a reasonable time for a reply, and receiving none, the defendants might have found themselves precluded from recovering any loss sustained over and above the margin in their hands. But that question does not arise. Even if plaintiff's failure to answer defendants' letter should be construed as a direction to sell the stock, the defendants were not bound to sell on May 21st, but were justified in waiting a reasonable time. They had no means of knowing when the plaintiff received the letter, and had a perfect right, if, indeed, it was not their duty, to wait a reasonable time for an answer. If they had sold the stock at the opening of the market on May 21st, and prices had afterward advanced, they would undoubtedly have been met with a claim that they had not given plaintiff sufficient notice, or a fair opportunity to notify them of his wishes. We cannot say that the defendants waited an unreasonable time before selling the stock. For all that appears in the case, it may have advanced in price between May 20th and the date of sale. At all events, they held the stock as long as plaintiff's margin held out, and the letter of May 20th should not be construed as any more than a notification that, in the absence of a deposit of additional margin, they should take it for granted that plaintiff did not wish to hold the stock beyond the point covered by the margin he then had on deposit.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.