## SUPREME COURT.

### VAN BUSKIRK, Adm'r, &c., agt. ROY.

Where R——, the defendant, gave his promissory note payable to the order of D. B. J——, *guardian*, &c.; and shortly after D. B. J——o— died; and N. S—— was appointed guardian in his stead, and took possession of the note as such guardian, without endorsement,

*Held,* in an action by M. V. B——, the *administrator* of D. B. J——, against the defendant R——, for the payment of the note to him, that N. S——, the guardian, and holder of the note, be *substituted defendant* in place of R——, on the payment into court, by R——, of the amount of the note.

*Albany Special Term, February,* 1853. *Interpleader.* It appeared from the defendant's affidavit that David Spencer, the father of Mrs. Jewett, died intestate, in 1846. The defendant was appointed administrator of his estate. In 1849

Van Buskirk, Adm'r, &c., agt. Roy.

Mrs. Jewett died, leaving her husband and one child, an infant, surviving her. After her death her husband was appointed guardian of the child. Upon the settlement of the estate of Spencer, after the death of Mrs. Jewett, there was due to her estate, $900. For this amount the defendant gave his note to Jewett, as guardian of his infant child. In June, 1850, the defendant paid the amount due on the note to Jewett, and took it up. Subsequently Jewett placed in the hands of the defendant, other funds, stating that he did so in his character as guardian, and, in November, 1850, a settlement was made in relation to such funds, and there was found to be in the hands of the defendant, a balance of $885,50, for which the defendant gave to Jewett his note, payable on demand. The note is payable "to the order of David B. Jewett, guardian of his son, D. S. Jewett." Shortly after this note was given, Jewett died. Nancy Skinner, his aunt, was afterwards appointed guardian of the child. As such guardian she took possession of the note, and still holds the same, and claims payment thereof from the defendant.

The plaintiff, a creditor of Jewett, in April, 1852, was appointed administrator of his estate, and, as such administrator, claims the payment of the note to him. This action was brought to recover the amount of the note. The defendant states that before the action was commenced, he had offered and proposed to each party that he would pay the amount of the note upon being indemnified against the other, which offers were declined. The affidavit also states that the claim of Mrs. Skinner to the note is made without collusion with him. Upon these facts the defendant moved that Mrs. Skinner be substituted as defendant in his place, and that he be discharged from liability to either party upon bringing into court the amount claimed to be due on the note.

J. H. Reynolds, *for Plaintiff.*

H. A. Brigham, *for Defendant.*

Harris, Justice.—This is, obviously, a fit case for the exercise of the discretion vested in the court by the 122d section of

the Code. The mere fact that a third person made some claim to the subject matter of the action should not induce the court thus to interfere. But this seems to be a case where the defendant, though entirely indifferent between the parties claiming the fund, and ready and willing to pay it to either who may be entitled to it, cannot, by paying it to either, or even by submitting the matter to the decision of the court, in this action, be protected against another action by Mrs. Skinner, the holder of the note. It would be oppressive to compel the defendant to occupy such a position.

It is said that as the note is payable to the order of Jewett, though as guardian, it has never been legally transferred to her, and, therefore, no action can be maintained by her upon the note. Even if this were so, I do not think it would furnish sufficient ground for denying the motion. But I am inclined to think that, though the note has not been endorsed to Mrs. Skinner, she may maintain an action upon it by showing that she is the real party in interest. Possession alone has been held to be presumptive evidence of title to a negotiable note. Moltram agt. Mills, (1 *Sand. S. C. R.*, 37 ;) Camden Bank agt. Rodgers, (4 *Howard*, 63.)

No injustice can result from granting this motion. The defendant ought not to be compelled to litigate when he is ready and willing to pay all that is demanded of him, provided he can be free from further litigation on the subject. Under these circumstances an order must be entered that, upon the payment, by the defendant, to the clerk of Rensselaer, of the amount due upon the note in question, principal and interest, deducting therefrom ten dollars for the costs of this motion, within five days after the entry of the order, Nancy Skinner be substituted as defendant in this action, in the place of the present defendant, and that he be discharged from liability to either party on account of the matters in controversy. The order must further provide that, if Mrs. Skinner shall not, within twenty days after service of a copy thereof, and a copy of the complaint, appear and defend the action, the moneys so deposited shall be paid over to the plaintiff.