## SUPERIOR COURT.

JOHN S. PATTERSON, admr. &c. agt. SAMUEL PERRY and others.

The basis of an order of interpleader to be made under § 122 of the Code, is the *admission* and office of the stakeholder. If he denies a liability beyond that admission, and such is claimed against him, it becomes a subject of litigation, and the remedy given by the section is not applicable.

*New-York Special Term, October*, 1857.

INTERPLEADER under section 122 of the Code. Applicant sought to be charged with interest, contesting his liability.

JOHN E. BURRILL, *for plaintiff.*
GODDARD & ROSEVELT, *for other defendants.*
MR. SOUTHMAYD, *for applicant Perry.*

HOFFMAN, Justice. The defendant Perry is a consignee of

goods. He sold and closed the assignment, prior to October the first, 1854. He made up a regular account current some time previous to that date, showing a balance in his hands of $6,896.62.

Several claimants having demanded the fund, he applied, in July, for an order to pay in the amount of the balance in his hands, under the 122d section of the Code. Some questions were raised upon the motion, relating to the counsel fees he had paid, and some other items to his credit in the accounts. All these were disposed of, and the decision of the judge is submitted to. But among the questions was one, whether the applicant should be charged with interest upon the balance admitted by him to have been in his hands from a day several months previous to the 1st day of October, 1854. This question was fully argued by his own, and adverse counsel, upon the facts then appearing on the papers; among others, that for some time, by reason of the death of the original consignor, there was no one to whom he could safely pay. The force of this excuse was yielded to by the court; but it was found that at a later date, having been sued, he could have applied to pay the money into court, within the section in question, and then it would have yielded some interest. The court adopted, with, I apprehend, some indulgence, this period as the one from which interest should be charged.

The order now being noticed for settlement, the counsel for the applicant insists that the court has no right to compel the payment of interest upon this application; that no order can be made but one founded upon his admission of what he owes, and which he proffers to pay. His liability beyond that amount must be judicially and otherwise settled.

I agree that the applicant is not precluded from raising the question now. Although his counsel argued the point upon the facts then appearing, and did not seek the establishment of any other facts in any mode whatever, I admit he is not barred from saying, before an order is entered, that I cannot even entertain the question. The motives for this course I have no right to consider, much less to censure.

I have carefully considered the question, and I think counsel of the applicant is right. The basis of the order to be made, is the admission and office of the stakeholder. If he denies a liability beyond that admission, and such is claimed against him, it becomes a subject of litigation, and the remedy given by the section is not applicable.

The provision in question was suggested by the English statute of 1 and 2 *Wm. IV, ch.* 58, but neither our own nor the English act have superseded the bill of interpleader, which may still be resorted to in proper cases. (*Sherman* agt. *Partridge,* 4 *Duer Rep.* 646.) The provision is summary and convenient; and when a party can avail himself of it, he would not be allowed to impose larger costs upon the fund by a bill. Under this section, the application can only be made after suit is commenced, and before an answer is put in. In this it differs from the former remedy by bill, but conforms to the English act.

Where neither the Code itself, nor a decision under it has prescribed a rule, that which governed a bill of interpleader will afford the guide to a decision.

There are two cases bearing upon the present point, *Moor* agt. *Usher,* (7 *Simons' Rep.* 384,) and *Diplock* agt. *Hammond,* (28 *Eng. L. & Eq. Rep.* 202.) In the former it was held that a bill of interpleader would not lie, where the plaintiff contested part of the demand with one of the claimants. In case of the success of that party, he would be responsible for a less sum than to the other claimant. In the latter case it was held, that the mere fact of there being a dispute as to the amount of the fund, was fatal to the bill. The plaintiff insisted he had but £325 in hand, and the other parties claimed £365. The vice-chancellor said it was the invariable practice, that when a question was raised as to the amount which is the subject of interpleader, such question prevents the right of interpleader.

The case of *Chamberlain* agt. *O'Conner* in the Common Pleas, (8 *Howard's Pr. Rep.* 45,) is to the same effect. The applicant is therefore entitled to withdraw his petition.

The course which appears open to the parties, is under the 244th section, after the answer shall have been obtained.