# N. Y. COMMON PLEAS.

LOUIS BEER, appellant, agt. GEORGE H. BENNER, respondent.

*Interpleader — Power of district courts to grant.*

The district courts of the city of New York have power to grant orders of interpleader, and such power is not taken away or affected by the Code of Civil Procedure.

*General Term, November,* 1882.

*Before* J. F. DALY, *and* VAN BRUNT, *JJ.*

APPEAL from judgment of justice Steckler, of fourth district court, in favor of defendant, entered on verdict of a jury.

The action was originally brought against Peter Diehl, but George H. Benner was interpleaded as defendant, on Diehl's motion, in pursuance of an order entered on an opinion of justice Steckler.

Plaintiff sued for $250, balance of commission as broker for the sale of premises on Eightieth street. Benner claimed the money on the ground that he was orignally employed by Diehl to find a purchaser for the lots, and that he employed Beer, the plaintiff, to do the work.

The jury found in his favor.

The main question presented is whether the district courts had power, at the date of the order of interpleader in the action (April 3, 1882), to make such an order.

*C. M. Roeder,* for appellant.

*Lorenz Zeller,* for respondent.

J. F. DALY, *J.* — This was a proper case for interpleading. Benner, who claimed the money for which the suit was brought, because he alleged himself to be the actual contractor with Diehl, and claimed that the plaintiff was his agent and not an independent contractor. Diehl, therefore,

stood as a mere stakeholder of a fund which belonged to one
of two claimants, and was properly relieved of the suit on
paying the money into court and substituting Benner as
defendant.   The question is whether the district courts had
power at the date of the order of interpleader in the action
(April 3, 1882) to make such an order.   Prior to the Code of
Civil Procedure the district courts had that power (*Dreyer*
agt. *Rauch*, 10 *Abb. Pr.* [*N. S.*], 344).   It was so held for
the reason that section 48 of the district court act (*Laws of*
1857, *chap.* 344) made the provisions of sections 55 to 64,
both inclusive, of the Code of Procedure applicable to the
district courts.   Section 64 of the Code of Procedure, sub-
division 15, declared that the provisions of that act (the
Code), respecting parties to actions, should apply to the dis-
trict courts.   The provision for interpleader (*sec.* 122) was
embraced in title 2, regulating parties to civil actions.

The Code of Procedure has been repealed, but section 48
of the act of 1857 has not been repealed.   It reads as fol-
lows :  "Section 48. The provisions of section fifty-five to
sixty-four, both inclusive, and of section sixty-eight of the
Code of Procedure, shall apply to these courts, except that
the transcript of judgment specified in the latter section shall
be furnished by the clerk of the court in which the judg-
ment was rendered, and also except that the execution may
issue as well out of the district court in which the judgment
was rendered as out of the common pleas."

There are provisions in the new Code relating to transcripts
of and executions upon judgments of these courts which
supersede so much of section 48, above quoted, as regulates
those matters (*Sec.* 3220).

And there are other provisions of the new Code which
partially supersede the regulations found in sections 55 to 64,
and section 68 of the Code of Procedure.   But there is no
provision in the new Code as to interpleader in these courts,
and so much therefore of the former practice is not super-
seded by any provision in the new practice.

We must assume that the legislature in not repealing section 48 (although it included a direct reference to certain provisions of the old Code, and made the practice thereunder the practice of the district courts) had a purpose in view, and this purpose undoubtedly was to preserve to suitors and litigants in the district courts all the benefits which the section (48) was originally intended to confer. Among these none are so important and beneficial as the provision giving to defendant in certain cases the right to interplead the real contestant.

We shall, I think, be giving the natural and ordinary effect to the legislative intention as expressed in its acts, and its omission to act, if we hold:

1. That by section 48 of the district court act, so much of the practice of the Code of Procedure as may be embraced within section 55 to 64, inclusive, and section 68, was made the practice of the district courts as fully and completely as if those provisions were incorporated in full in the act in question (*Chap.* 344, *Laws of* 1857).

2. That the omission to repeal section 48, when other portions of the act were expressly repealed (*see repealing act, chap.* 245, *Laws of* 1880), is an expression of legislative will that such portion of the practice under that section as was not superseded by the new Code should be retained.

3. That this intention is confirmed by section 4 of the new Code, which, after an enumeration of all the courts in section 3, declares that "each of those courts shall continue to exercise the jurisdiction and powers now vested in it by law according to the course and practice of the court, except as otherwise prescribed in this act," and by section 3214 of the new Code, which provides that "except as otherwise specially prescribed in this title, this act does not affect any statutory provision remaining unrepealed, after this chapter takes effect, relating to the jurisdiction and powers of either of those courts." Section 48 of the act of 1857 is an unrepealed statutory provision relating to the powers of those courts.

There are no exceptions of importance in the case. The

attempt to contradict defendant by introducing his letter-heading, was a contradiction upon a matter drawn out in cross-examination, and not involved in the issues, viz., as to whether he represented himself to be a member of a law firm.

The motion to strike out an answer as irresponsive was improperly denied, because part of the answer was responsive.

The exception to the refusal to charge that the burden of proof lay on the defendant was properly denied, because the plaintiff alleged in his complaint employment by Diehl, and the finding of a purchaser, which was denied by Benner's answer, and he was bound to prove it.

The request to charge should have been limited to what was strictly affirmative in Benner's defense.

Judgment should be affirmed.

VAN BRUNT, J., concurs.