McElroy agt. Baer.

## NEW YORK COMMON PLEAS.

DANIEL S. McELROY, plaintiff and respondent, agt. MORRIS B. BAER and MORRIS B. BRONNER, substituted defendants and appellants, in place of J. Morgan Howe, original defendant and respondent.

*District court — Practice as to interpleader — Code of Procedure, section 122 — Code of Civil Procedure, section 2876.*

The statutory interpleader, which is not in the nature of a suit in equity, but a remedy designed for use in common law courts, is a measure of relief to which suitors in a district court in the city of New York may resort.

In the district courts, after the order of interpleader is made, a copy of the order and a copy of the complaint, drawn in conformity with the suggestion made in *Moak's Van Santvord's Pleadings,* should be served upon the party brought in by the interpleader. The order should require him to appear and answer the complaint in the same time that a defendant is required to answer a summons, and should provide that the money in court shall be paid to the plaintiff in case of the failure to appear and answer of the party interpleaded.

If the party appear and answer, the issue raised may be tried by the court, unless a jury be demanded at the time of the joinder of issue. Upon the entry of judgment the money must be paid to the prevailing party, unless an undertaking sufficient to stay proceedings be given, and costs should be awarded against the losing party.

*General Term, March,* 1886.

*Before* VAN HOESEN *and* ALLEN, *JJ.*

THIS was an appeal from the sixth district court. The action was brought originally against J. Morgan Howe, to recover for broker's commission on the sale of a house and lot in this city. Morris B. Baer and Morris B. Bronner, composing the real estate firm of Morris B. Baer & Co., had also claimed the same commission. Howe obtained an order to showe cause why they should not be substituted as defendants in his place. The motion was opposed both by plaintiff and Baer and Bronner,

and was granted, upon which Howe paid the fund in dispute into court. After the interpleader thus made, Baer and Bronner failed to answer, the plaintiff took judgment by default, and the deposit was paid to him. Baer and Bronner then appealed. The point raised was the invalidity of the interpleader.

*Frederick R. Lee*, for plaintiff and respondent.

*W. T. Birdsall*, for substituted defendants and appellants, cited 26 *N. Y.*, 418; *sec.* 2876 *Code of Civil Procedure; 13 Hun*, 157; 15 *Barb.*, 47; 6 *Wend.*, 654.

*John C. Gulick*, for original defendant and respondent, cited *Rauch* agt. *Dreyer* (3 *Daly* 434); *Beer* agt. *Benner* (11 *Daly*, 229); *sec.* 2876 *Code of Civil Procedure.*

PER CURIAM. —It is settled by the decisions of this court, in *Rauch* agt. *Dreyer* (3 *Daly*, 434), and *Beer* agt. *Benner* (11 *Daly*, 229), that the statutory interpleader, which is not in the nature of a suit in equity, but a remedy designed for use in common law courts (*see the English statute, entitled* 1 *and* 2 *Wm. IV., chap.* 58; 23 *and* 24 *Vict., chap.* 126), is a measure of relief to which suitors in a district court in the city of New York may resort. It is to be regretted that when the framer of section 122 of the old Code of Procedure borrowed from the English statutes that we have mentioned the idea of permitting a defendant in an action at law to obtain in a summary way in that action the same relief that he might obtain by filing a bill of interpleader in a court of equity, he did not at the same time borrow the procedure which those statutes created.

The consequence of borrowing only the relief and of omitting to provide a way by which that relief can be attained, has been to throw upon the courts of this state the necessity of framing for themselves a system of practice that will make the statutory interpleader effectual. One of the first efforts in that direction was made in the case of *Van Buskirk* agt. *Roy* (8 *How.*

McElroy agt. Baer.

*Pr.*, 425), in which the court directed that the order should provide that if the party interpleaded did not appear and defend the action within twenty days after the service upon her of a copy of the complaint, together with a copy of the order of interpleader, the money in court should be paid to the plaintiff. The Code nowhere provided for these proceedings, but they were adopted because in no other way could effect be given to the intent of the legislature in creating the remedy of an interpleader in a common law action. Perhaps the action of the court might be called judicial legislation.

Again, in *Lawrence* agt *Wilson* (8 *Hun*, 593), the court said : "As the Code prescribes no mode of proceeding under this section, the practice under it should be, I think, as far as practicable, that adopted by the courts of equity in cases of interpleader in analogous cases." The court then recommends that the practice be such as is suggested by *Moak's Van Santvoord's Pleadings*, 358.

We see the wisdom of the course recommended by the court in the case last cited, and are of the opinion that in the district courts, after the order of interpleader is made, a copy of the order and a copy of the complaint, drawn in conformity with the suggestion made in *Moak's Van Santvoord's Pleadings*, should be served upon the party brought in by the interpleader. The order should require him to appear and answer the complaint in the same time that a defendant is required to answer a summons, and should provide that the money in court shall be paid to the plaintiff in case of the failure to appear and answer of the party who is interpleaded. If the party appear and answer the issue raised may be tried by the court, unless a jury be demanded at the time of the joinder of issue. Upon the entry of judgment the money must be paid to the prevailing party, unless an undertaking sufficient to stay proceedings be given, and costs should be awarded against the losing party. It may be that Baer and Bronner intentionally abandoned the case when the district court decided that they should be brought in by interpleader, but we are not able to say that such was their

intention. It is possible that they left the court because they did not expect any further proceedings without some further notice. We prefer to place that interpretation upon their acts, because they have not as yet had an opportunity to show their rights to the money in controversy.

Of course Dr. Howe is discharged from all liability, and he has no interest in or concern with the litigation that followed or may follow the payment by him of the money into court. We think it proper to reverse the judgment and order a new trial, with costs to abide the event. Let the district court amend its order so that Baer and Bronner shall answer in the usual time. Then let the plaintiff serve upon them a new complaint, drawn in conformity with the suggestions already referred to. If Baer and Bronner fail to appear, let judgment be entered establishing the right of plaintiff to the money. If they appear and answer, let the issue be tried and the money awarded to the prevailing party.

The reversal of the judgment leaves the plaintiff without any adjudication in his favor as to his right to the money, and exposes him to liability to an action to be brought against him by Baer and Bronner for the money that was paid to him under the judgment that has been reversed.

Judgment reversed and a new trial ordered as between the plaintiff and Baer and Bronner, with costs to abide the event.