## GREENBLATT v. MENDELSOHN.

### (City Court of New York, Special Term. March, 1905.)

1. INTERPLEADER—PRACTICE.

Under Code Civ. Proc. § 820, which provides for the making of an order of interpleader, but does not prescribe the practice to be followed after the entry of the order, the equity practice in cases of interpleader should be followed, as far as practicable, in interpleaders under the Code.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interpleader, § 82.]

2. SAME—PLEADING.

After an order of interpleader has been entered under Code Civ. Proc. § 820, plaintiff should apply, under section 544 of the Code of Civil Procedure, for leave to serve a supplemental complaint, which should contain substantially the allegations of the former complaint, and such further allegations as are necessary to show the facts preceding the making of the order of interpleader, the substitution of the new defendant, and the discharge of the original defendant by depositing the amount of the debt in court, and should demand a judgment that plaintiff is entitled to the amount deposited, and that he recover his costs.

3. SAME—WAIVER OF IRREGULARITIES—ADMISSION OF SERVICE.

An admission by the attorney of an interpleaded defendant of "due and timely" service of a copy of the supplemental complaint constitutes a waiver of the irregularity of plaintiff's practice in serving such complaint without first obtaining leave of court.

4. SAME—APPEARANCE BY DEFENDANT—EFFECT.

The consent of an interpleaded defendant to the granting of an order of interpleader constitutes an appearance and submission to the jurisdiction of the court, which makes service of summons unnecessary.

5. SAME—FAILURE TO PLEAD—ENTRY OF DEFAULT.

Where an interpleaded defendant voluntarily appears in the action, and accepts service of a copy of the supplemental complaint, admitting it to be due and timely, and nevertheless fails to plead to the supple-

mental complaint within the required six days, and fails to obtain an extension of time within which to plead, plaintiff is justified in entering a default judgment, and in applying for an order directing the payment to him of the fund deposited by the original defendant on retiring from the action.

,Action by David Greenblatt against Leo Frankel. Herman T. Mendelsohn, as receiver of Mendelsohn & Weisholz, interpleaded. On motion by defendant to open a default, and for an order of restitution of money obtained under the judgment. Denied.

Hyman S. Barnett, for the motion.
Louis Goldberg, opposed.

SEABURY, J. In May, 1904, the plaintiff, David Greenblatt, commenced this action against Leo Frankel to recover the value of goods sold and delivered by the firm of Mendelsohn & Weisholz, who were the plaintiff's assignors. On the 15th of May, 1904, Herman T. Mendelsohn, was by an order of the Supreme Court, appointed receiver of the goods, chattels, and credits of the firm of Mendelsohn & Weisholz, and duly qualified as such receiver. On May 25, 1904, Mendelsohn, as receiver, commenced an action against Frankel to recover $793.33, having previously been duly authorized to commence the action. Subsequently a motion was made in this action by Frankel to interplead Mendelsohn, as receiver, as the defendant, and that he be permitted to pay the amount in question to the city chamberlain of the city of New York. That motion was granted, and on June 14, 1904, the plaintiff in this action served a supplemental complaint upon the attorney for the defendant, Mendelsohn. No summons was served upon the defendant, Mendelsohn, and no order granting leave to serve a supplemental complaint was made, but the attorney for the defendant, Mendelsohn, on June 14, 1904, admitted, over his own signature "due and timely service" of a copy of the supplemental complaint. The defendant failed to answer, and on June 23, 1904, the plaintiff entered judgment, and upon the same day, upon an ex parte application to one of the justices of this court, obtained an order requiring the chamberlain of the city of New York to pay to him or to his attorney the sum deposited to the credit of this action. The defendant now moves for an order vacating the judgment and compelling the plaintiff to return to the chamberlain of the city of New York the money paid to the plaintiff.

The jurisdiction of this court to proceed with the action after the making of the order of interpleader is in no way challenged upon this motion. Assuming, therefore, without deciding, that the court had jurisdiction (Krugman v. Hanover Fire Ins. Co. [Sup.] 90 N. Y. Supp. 448; Wells v. The Corn Exchange Bank [Sup.] 87 N. Y. Supp. 480; Jacobs v. Lieberman, 51 App. Div. 542, 64 N. Y. Supp. 953), it is clear that the decision of this motion depends upon whether the practice pursued by the plaintiff after the entry of the order of interpleader was regular. The order of interpleader contained the following provision:

"Ordered, that the said contesting parties interplead between themselves as to their respective claims or rights in said fund, and that such proceedings

be had thereupon as are required and provided for by the usual practice of this court, and that either of them have leave to apply, on the usual notice, for further order of the court on their behalf."

It will be observed that the order directed conformity to "the usual practice of this court." Before determining, therefore, as to the regularity of the proceedings taken by the plaintiff, it is necessary to determine what the usual practice is after the entry of an order of interpleader. Section 820 of the Code of Civil Procedure provides for the making of an order of interpleader. This section was section 122 of the old Code of Procedure. The portion of the section relating to interpleader was enacted in 1851 (Laws 1851, p. 883, c. 479) and was taken from the provisions of the English statutes establishing a summary and convenient form of interpleader designed for use in common-law courts. 1 & 2 Wm. IV, ch. 58; 23 & 24 Vict. c. 126; Patterson v. Perry, 14 How. Prac. 505; McElroy v. Baer, 9 Civ. Proc. R. 133. After the entry of the order of interpleader, the action becomes an equitable one. Clark v Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798; Windecker v. Mut. Life Ins. Co., 12 App. Div. 73, 43 N. Y. Supp. 358. The Code nowhere prescribes the procedure to be followed after the entry of an order of interpleader. It is, however, now well settled that such procedure should, as far as practicable, be that adopted by courts of equity in cases of interpleader in analogous cases. This procedure has been adopted from the necessity of the case, and as the only method of giving effect to the intent of the Legislature in creating the remedy of a statutory interpleader. In Patterson v. Perry, supra, Mr. Justice Hoffman said:

"Where neither the Code itself, nor a decision under it, has prescribed a rule, that which governed a bill of interpleader will afford the guide to a decision."

In McElroy v. Baer, supra, the court, after commenting upon the English origin of section 122 of the Code of Procedure, said:

"It is to be regretted that when the framer of section 122 of the Code of Procedure borrowed from the English statutes that we have mentioned the idea of permitting the defendant in an action at law to obtain in a summary way, in that action, the same relief that he might obtain by filing a bill of interpleader in a court of equity, he did not at the same time borrow the procedure which those statutes create. The consequence of only borrowing the relief, and omitting to provide a way by which that relief can be obtained, has been to throw upon the courts of this state the necessity of framing for themselves a system of practice that will make the statutory interpleader effectual."

In Moak's Van Santvoord's Pleadings, p. 358, the absence of any statutory provision as to the procedure to be followed after the entry of the order of interpleader was commented upon, and the suggestion was there made that, after the court had determined that an interpleader be had under the Code provision, the order should, in analogy to the practice in equity, prescribe that the same practice be followed under the Code provision. This suggestion seems to have been followed in Van Buskirk v. Roy, 8 How. Prac. 425, and was distinctly approved in Wilson v. Lawrence, 8 Hun, 593, and in McElroy v. Baer, supra. The present practice under section 820 of the Code of Civil Procedure, after an order of interpleader has been made, is for the

plaintiff to apply to the court, under section 544 of the Code of Civil Procedure, for leave to serve a supplemental complaint. The supplemental complaint should contain substantially the allegations of the former complaint, and such further allegations as may be necessary to show the facts preceding the making of the order of interpleader, showing the substitution of the present defendant in place of the original defendant, and the latter's discharge from liability upon his deposit in court of the amount of the debt or the delivery of the property, and the compliance with all the provisions of the order of interpleader. The complaint should also demand judgment that the plaintiff is entitled to the amount so deposited or the property specified in the complaint, and that he recover the costs of the action. Within the time prescribed by law to answer a complaint, the substituted defendant should answer the supplemental complaint, and thus present the issues to be tried. The only part of this practice, omitted in the present case by the plaintiff was that he did not apply for or obtain an order granting him leave to serve a supplemental complaint. He did, however, serve a supplemental complaint upon the attorney for the defendant. Ordinarily, a supplemental complaint cannot be served without leave of the court (Soher v. Fargo, 1 Hun, 312; Fleischmann v. Bennett, 79 N. Y. 579), but in the present case the service of a copy of the supplemental complaint was admitted by the attorney for the defendant to have been "due and timely." Under these circumstances the defendant cannot now be heard to object that the plaintiff did not obtain the proper leave of the court. The admission in writing of "due service" is conclusive upon the party making it (Talman v. Barnes, 12 Wend. 227), and the admission of service was clearly a waiver of the obligation that the plaintiff would otherwise have been under of obtaining the leave of the court to serve a supplemental complaint. The consent of the defendant, Mendelsohn, to the granting of the order of interpleader, was an appearance and submission to the jurisdiction of the court which made the service of a summons unnecessary. Wilson v. Lawrence, 8 Hun, 593.

The defendant having voluntarily appeared in the action, and having waived the necessity for the plaintiff's obtaining leave to serve a supplemental complaint by accepting service of a copy of the supplemental complaint and retaining it and admitting its due and timely service, it became his duty to plead to the supplemental complaint within six days. This he failed to do. The defendant having failed to plead or to obtain any extension of time to plead, the plaintiff was within his rights in entering judgment and in applying to the court for an order directing the payment of the fund deposited with the chamberlain to him. The practice of the plaintiff was not irregular or unauthorized, and, as the defendant has offered no sufficient excuse for his own default, the court would not now be justified in opening his default and directing the repayment of a fund which was properly paid out over eight months ago.

The motion is denied.