(51 Misc. Rep. 567.)

ENGLANDER v. FLECK et al.

(Supreme Court, Appellate Term. November 14, 1906.)

1. COURTS—MUNICIPAL COURTS—JURISDICTION—INTERPLEADER.

Municipal Court Act, Laws 1902, c. 580, p. 1490, § 2, subd. 2, deprives the Municipal Court of the City of New York of equity jurisdiction; and section 187 (page 1546) provides for an order of interpleader on a showing that one not a party to the action claims the same debt as that which plaintiff seeks to recover. Held, that the Municipal Court is not without authority to make an order of interpleader on the ground that such an order converts the action into one in equity.

2. APPEAL—HARMLESS ERROR—EFFECT OF ERROR—PRESUMPTION.

Error cannot be regarded as harmless, unless it affirmatively appears that no prejudice resulted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4038.]

3. EVIDENCE—SELF-SERVING DECLARATION.

On an issue as to whether plaintiff, selling certain property as a broker, had acted as intervener's agent, intervener introduced in evidence a business card of plaintiff, which bore a statement to the effect that plaintiff was connected with intervener, and it was shown that intervener had paid for the printing of the cards. Plaintiff then testified that he had other cards, which he had used for some time, and he was permitted to introduce in evidence a card similar to the first one, except that it bore no statement with reference to intervener. Held, that the introduction of such card was error, as an attempted corroboration of plaintiff by a writing made by himself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1068–1085.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Benjamin Englander against Charles I. Fleck and another. From a judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Abraham Oberstein, for appellants.

Jellenik & Stern (Nathan D. Stern, of counsel), for respondent.

GILDERSLEEVE, J. The plaintiff herein commenced this action originally against three defendants, doing business as Liebenthal Bros.

He claimed to be entitled to recover from them the sum of $490, balance due him for commissions earned by him as a broker in procuring the sale of certain property in this city belonging to Liebenthal Bros. to one Engel. Liebenthal Bros. made an application to the court, under section 187 of the Municipal Court Act (Laws 1902, p. 1546, c. 580), for an order of interpleader, claiming that one Charles I. Fleck made claim upon them for the sum of $490, being the same amount claimed by Englander; Fleck asserting that in the sale of such property Englander was acting as the agent of Fleck, and that Fleck was entitled to the commissions, or a portion of them, at least. Notice of the application for such order was served upon the plaintiff and upon Fleck. The plaintiff opposed the granting of such an order. As appears from the order, Fleck did not oppose the granting of the same, and the court made an order which declared, in substance, that, upon payment into court by Liebenthal Bros. of the sum of $490, Charles I. Fleck should be substituted as defendant in the action in place of the defendants Liebenthal Bros., and that thereupon said Liebenthal Bros. be discharged from liability therefor. It was further ordered that:

"The said contesting parties interplead between themselves as to their respective rights in such fund. * * * and the time for pleading in said action be set for March 29, 1906, and the trial set for April 2, 1906."

Thereafter the plaintiff served and filed a supplemental complaint setting forth the interpleader and his claim to the money, which had been paid into court, and the defendant Fleck and one Brown, who voluntarily appeared and submitted himself to the jurisdiction of the court, also served and filed an answer setting forth in substance that Fleck and Brown were copartners in the brokerage business, and that Englander was their agent, and in their employ at the time he made the sale of the property of Liebenthal Bros. to Engel; that of the commissions due thereon 45 per cent. belonged to Englander and 45 per cent. to Fleck & Brown; that they amounted to $1,200, of which the amount due Englander had already been paid him; and that the sum of $490 deposited in court by Liebenthal Bros. belonged to said firm of Fleck & Brown. This issue was tried before a jury, who rendered a general verdict "for the plaintiff," from which the defendants appeal.

The appellants contend that, the Municipal Court having been deprived of the right to exercise any equity jurisdiction by subdivision 2 of section 2 of the Municipal Court Act (Laws 1902, p. 1490, c. 580), section 187, p. 1546, is unconstitutional, as when an order of interpleader is granted, the action is converted into an equity action. In Dreyer v. Rauch, 10 Abb. Proc. (N. S.) 343, it was held that section 122 of the Code of Civil Procedure, as amended in 1849, giving the right of interpleader, was applicable to actions in inferior courts, as well as in the higher courts. The same ruling was made in Beer v. Benner, 11 Daly, 229, and in McElroy v. Baer, 13 Daly, 442. Some doubt was expressed as to the power of the Municipal Court to require parties to interplead in Jacobs v. Lieberman, 51 App. Div. 542, 64 N. Y. Supp. 953; but such doubt seems to have been based upon the holding of the Appellate Division that the Municipal Court had been declared to

be a new court, and not a continuation of the District Court. Since that decision, however, the Court of Appeals has declared that the Municipal Court is not a new court, but a continuation of the old District Courts, with the same powers as were conferred upon that court. Worthington v. London Guarantee & Accident Co., 164 N. Y. 81, 58 N. E. 102. This court has also held that the granting of such an order did not necessarily involve equity jurisdiction. Satkofsky v. Jarmulowsky (Sup.) 97 N. Y. Supp. 357. Under these decisions, we must hold that in proper cases the Municipal Court has authority to grant an order of interpleader.

Errors are, however, pointed out in the appellants' brief and appear in the record, and seem to demand a reversal of the judgment herein. The issues between the parties was a clear-cut one, and was purely a question of fact. The property was placed with the plaintiffs for sale early in September, 1905, and the binding contract made between Liebenthal Bros. and Engel in October, 1905, title passing in February, 1906; and as to this sale the plaintiff claimed that he had no arrangement or connection with the defendants whatever, while Fleck & Brown contend that he was at that time in their employ and acting for them under an agreement for a division of the commissions. The plaintiff, who was the only material witness sworn on his own behalf, admitted that upon some three or four sales made by him immediately prior to the sale made to Engel he had made such sales in connection with the firm of Fleck & Brown, the defendants, and that in every such sale he had received 45 per cent. of the commissions, and Fleck & Brown had received 45 per cent.; the remaining 10 per cent. being taken off for expenses. The defendant Fleck testified that his firm was at one time known as the firm of Fleck, Brown & Tea; that it came into existence in September, 1904; that Englander, who had formerly been with another firm under a salary arrangement, was brought into the employ of the firm of Fleck, Brown & Tea under an arrangement that in the sales made by him, or in which he was interested, he was to be allowed 50 per cent. of the commissions; that he was to have the use of the office, desk room, typewriter, etc., for which 5 per cent. off his share was to be allowed, leaving him 45 per cent. net of the amount of such commissions; that the firm of Fleck, Brown & Tea dissolved, and the plaintiff continued with Fleck & Brown under the same agreement; and the defendants strenuously contended that the sale made by the plaintiff to Engel was made when the arrangement and agreement was in force.

In corroboration of their contention that the plaintiff was in their employ, the defendants introduced in evidence a business card, which the plaintiff admitted he had made use of upon several occasions, and which contained the plaintiff's name, business, and address, and in the lower left-hand corner the words, "With Fleck, Brown & Tea." It was also shown, although denied by him, that the plaintiff ordered the printing of these cards and directed that the bill therefor be sent to these defendants, by whom it was paid. To overcome the presumption naturally arising from the shown ordering and use of these cards, he testified that he had other business cards printed, and has used other

cards for the last two years, and over objection and exception taken was permitted to introduce in evidence a printed card, substantially similar in all respects to the first card, except with his house address thereon and with the words "With Fleck, Brown & Tea" omitted. This was merely an attempted corroboration of his testimony by a writing confessedly made by himself, and its admission may have materially influenced the verdict of the jury to the prejudice of the defendants. Error is presumptively prejudicial, and it must affirmatively appear that no harm has arisen from it, in order that it may be disregarded.

On the part of the defendants it was shown that Liebenthal Bros. were prior customers of Fleck & Brown; that Englander was introduced by Fleck & Brown to Liebenthal Bros. And Brown, one of the defendants, testified that prior to the sale in question the firm of Fleck & Brown had at plaintiff's request sent him $75 while he was in the country, and upon his return Englander called upon him and stated that he (Englander) had "got to make some money"; that he (Brown) thereupon told him of the ownership of the property by Liebenthal Bros., of their desire to sell, and suggested that he (Englander) should get Engel & Engel (the subsequent purchasers and whom Englander represented to be his relatives) to purchase; that a few lays later Englander came to defendants' office and said Engel & Engel would not make the purchase unless he (Englander) would put in the full commissions; that after some conversation regarding the matter Englander asked Brown to try and get Liebenthal Bros. to withhold the sale until he (Englander) could get Engel & Engel to come up on the price; that the usual division of commissions was to be made; and that subsequently, after he had ascertained that Englander had sold the property, he met Englander in Eighty-Fourth street, in the presence of one of the Liebenthal Bros., and asked Englander if he had not given him (Englander) this property for sale, to which Englander made no reply. In this last statement Brown was corroborated by the witness Louis Liebenthal, and, although the plaintiff was called in rebuttal, he did not contradict these statements. It was also shown that Liebenthal Bros. gave the property to the defendants for sale before Englander had it, and that they knew that Englander was, at one time at least, connected with the defendants' firm. Under the uncontradicted testimony and the legitimate inferences that may be drawn from all the facts and circumstances in this case, we think the interests of justice will be best subserved by ordering a new trial. The judgment, when rendered, should provide that the fund on deposit should be paid to apply upon the judgment obtained, and that execution only issue for the costs of the action.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.