(55 Misc. Rep. 199)

ROGERS v. PICKEN REALTY CO. et al.

(Supreme Court, Appellate Term. June 27, 1907.)

1. COURTS—MUNICIPAL COURTS—INTERPLEADER—BROKERS—COMMISSION.

Where, in a suit in the Municipal Court for broker's commission, defendant pleaded that another claimed to have been the procuring cause of the sale, and asked leave to pay the amount claimed into court, and that the claimants interplead, an order of interpleader was properly entered, under Municipal Court Act, Laws 1902, p. 1546, c. 580, § 187, providing that a defendant against whom an action on contract, etc., is pending may interplead, before answer, on proof by affidavit that a person not a party to the action has made demand for the same debt, etc.

2. SAME—EQUITY JURISDICTION.

Such order was not objectionable, as beyond the court's jurisdiction, in that it involved the exercise of equitable powers.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by John L. Rogers against the Picken Realty Company and another, interpleaded. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Joseph Folliard Perdue, for appellant.

Lippmann & Ruck (Wm. J. Lippmann, of counsel), for respondents.

PLATZEK, J. The Picken Realty Company sold a house to one O'Brien. The defendant Etchingham acted as broker and claimed the commission, amounting to $260. The Frank L. Fisher Company, claiming to have been the procuring cause of the sale, assigned their claim to this plaintiff, who brought an action against the realty company to recover the same commission. Upon a notice of motion, based upon an affidavit made by the president of the realty company, setting forth all the material and jurisdictional facts necessary for that purpose, which were not disputed, the court made an order permitting the realty company to pay the amount claimed of it into court, and ordering that the defendant Etchingham be interpleaded, and substituted as defendant in place of the realty company, and that he be required to appear and plead. This order was expressly consented to by the attorney for Etchingham, and it recites that upon the hearing of the motion the plaintiff's attorney "appeared," and it does not appear that the plaintiff ever objected to the making and entry of the order at any stage of the proceedings, until upon the appeal taken by him from the judgment. The defendant Etchingham filed an answer, and the case proceeded to trial, the issue being between the plaintiff and the defendant Etchingham, and the question to be determined was, who was the procuring cause of the sale of the house to the purchaser, O'Brien? The testimony given raised purely a question of fact, upon which there was a conflict of evidence, and a reading of the record discloses no reason for a reversal, or for arriving at a different result from that reached by the court below.

The plaintiff's attorney urges very strenuously that the judgment in favor of the defendant should be reversed, upon the ground that the Municipal Court has no jurisdiction to grant an order of interpleader in a case of this kind. In this he is mistaken. The case of Dreyer v. Rausch, 3 Daly, 434, was one similar to the case at bar. In that case each claimant insisted that the purchaser was his customer, and the sale effected through his individual agency or exertions, and each demanded the same sum of money from the defendant, Rausch, and an order substituting one Schmidt for Rausch was held proper. The cases of McCreery v. Inge, 49 App. Div. 133, 63 N. Y. Supp. 158, and Olsen v. Moran, 99 N. Y. Supp. 338, 50 Misc. Rep. 655, are not in conflict with the case of Dreyer v. Rausch, supra, or with the case of Englander v. Fleck, 101 N. Y. Supp. 125, 51 Misc. Rep. 567, citing Beer v. Benner, 11 Daly, 229; McElroy v. Baer, 13 Daly, 442; Satkofsky v. Jarmulowsky, 97 N. Y. Supp. 357, 49 Misc. Rep. 624. In

the cases of McCreery v. Inge and Olsen v. Moran, above mentioned, each claim was based upon a separate contract alleged to have been made between the claimants and the defendant; but where there is in the hands of a defendant a sum of money, which belongs to the plaintiff or a third person and claimed by them, and the holder of the fund has no interest in the subject-matter, and the question to be determined is the title to the particular fund in respect to which the claims are made, an order substituting the second claimant in place of the original defendant may be made, and such order is provided for by section 187 of the Municipal Court act (Laws 1902, p. 1546, c. 580).

Nor is an order so made subject to the criticism that it invokes equitable powers. Englander v. Fleck, supra. In the case of Jacobs v. Lieberman, 51 App. Div. 542, 64 N. Y. Supp. 953, the plaintiff objected to such an order being granted, but took no steps to review it, and the substituted defendant consented, and it was held that the court had jurisdiction of the subject-matter, and that neither party was in a position to question the validity of the order.

Judgment affirmed, with costs. All concur. .