(90 Misc. Rep. 606)

CROSS & BROWN CO. v. LUDIN REALTY CO. et al.

(Supreme Court, Appellate Term, First Department.   June 21, 1915.)

1. INTERPLEADER ⬅24—FOUNDATION OF REMEDY.

Where the affidavit supporting defendant's motion for an order of interpleader alleged merely that a claim had been made upon the defendant by the person sought to be interpleaded for an amount of money equal to the sum claimed by plaintiff, but failed wholly to show that such claim of the person sought to be interpleaded had any foundation, or that the defendant could not determine without risk to whom the fund should be paid, also failing to show that the plaintiff and such person

'sought to be interpleaded were not claiming under separate contracts, such affidavit was insufficient to authorize an order of interpleader.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 48, 52, 54, 55; Dec. Dig. ⊕—24.]

2. INTERPLEADER ⊕—33—PROCEEDINGS—PROCESS.

An order of interpleader should require the interpleaded defendant to appear and answer the complaint in the same time that a defendant is required to answer a summons.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 68–71, 74; Dec. Dig. ⊕—33.]

3. INTERPLEADER ⊕—33—PROCEEDINGS—PROCESS—SERVICE ON INTERPLEADED DEFENDANT.

Where there was no compliance with the requirement of an order of interpleader that an amended copy of the complaint be served by plaintiff upon the interpleaded defendant, judgment entered upon the interpleaded defendant's failure to appear on the day set in the order was void.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 68–71, 74; Dec. Dig. ⊕—33.]

4. APPEAL AND ERROR ⊕—112—DECISIONS REVIEWABLE—VOID JUDGMENT.

A void judgment may be appealed from, and is considered in existence for the purpose of permitting the appellate court to reverse it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 749–757; Dec. Dig. ⊕—112.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Cross & Brown Company against the Ludin Realty Company, which impleaded Louis C. Schliep, who appeals from the order interpleading him and from judgment for the plaintiff. Reversed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Joseph Day Lee, of New York City, for appellant.

Leary & Goodbody, of New York City (Henry Bennett Leary, of New York City, of counsel), for respondent Cross & Brown Co.

Deyo & Bauerdorf, of New York City (Howard C. Taylor, of New York City, of counsel), for respondent Ludin Realty Co.

WHITAKER, J. The facts in this case are as follows: The plaintiff caused a summons to be issued out of the Municipal Court against the Ludin Realty Company as defendant. The summons was returnable on March 12, 1915, and was served on the defendant Realty Company on March 2, 1915, together with a verified complaint setting forth that the Realty Company was indebted to the plaintiff in the sum of $105 for broker's commissions for procuring a tenant for certain premises owned by said company. On March 4, 1915, the Realty Company made a motion for an order interpleading said Louis C. Schliep, and permitting said Realty Company to pay the amount of plaintiff's claim into court.

[1] The affidavit upon which this order was based is wholly insufficient to authorize an order of interpleader. It alleges that a claim has

been made upon the Realty Company by Schliep for payment of an amount of money equal to the sum claimed by plaintiff, but it utterly fails to show that this claim has the slightest foundation, or that the Realty Company cannot determine without risk to whom the fund should be paid. A mere assertion of a claim is not enough to sustain the order. Pouch v. Prudential Ins. Co., 204 N. Y. 281, 97 N. E. 731, Ann. Cas. 1913C, 1191. The affidavit also fails to show that plaintiff and Schliep were not claiming under separate contracts. Upon the hearing of the motion for the order of interpleader, the plaintiff appeared and filed an affidavit, in which it set forth by its president that Schliep was unknown to it, and so far as it knew had no connection with the transaction. There is nothing in the record before this court showing that Schliep appeared on the hearing, although it is shown that the "affidavit and notice of motion" were served on him on March 5, 1915. On March 12, 1915, an order was entered to the effect that upon payment into court by the defendant Ludin Realty Company of the sum of $105 and interest said Louis C. Schliep be substituted as said defendant in the above action in place of the defendant Ludin Realty Company. It also provided as follows:

"Ordered, that the plaintiff have leave to amend the summons and complaint or to serve a supplemental summons and complaint herein in such manner as it may be advised within five (5) days after service upon its attorneys of a copy of this order with notice of entry, and that it serve a copy of the said amended summons and complaint upon said Louis C. Schliep; and unless the said Louis C. Schliep, the substituted defendant herein, shall appear and answer the said complaint within six (6) days after service thereof, the said substituted defendant be debarred from all claim or title to the fund deposited as aforesaid. It is further ordered, that the above-entitled action be adjourned to the 23d day of March, 1915, upon the calendar of this court for trial."

It nowhere appears in the return that any summons was ever served upon Schliep, and the return declares that upon the adjourned day "the plaintiff took judgment on the verified complaint." Apparently no one appeared for either the Realty Company or Schliep. It is undisputed that upon this judgment the plaintiff obtained the possession of the fund theretofore paid into court by the Realty Company.

[2-4] The practice in cases of interpleader is clear. "The order should require him to appear and answer the complaint in the same time that a defendant is required to answer a summons." McElroy v. Baer, 13 Daly, 442; Greenblatt v. Mendelsohn, 46 Misc. Rep. 554, 92 N. Y. Supp. 963. And the order in this case expressly provided: "And that it serve a copy of said amended summons and complaint upon said Louis C. Schliep." By the failure to comply with this order and the entry of the judgment aforesaid, Schliep is foreclosed of his right to establish a claim to the fund, and the judgment so entered is absolutely void. A void judgment may be appealed from. Catlin v. Rundell, 1 App. Div. 157, 37 N. Y. Supp. 979; Wands v. Robarge, 24 Misc. Rep. 273, 53 N. Y. Supp 700. And a void judgment may be considered in existence for the purpose of permitting the Appellate Term to reverse. Loeb v. Smith, 24 Misc. Rep. 200, 52 N. Y. Supp. 677.

Judgment and order reversed, with costs against the plaintiff, and

new trial ordered. The plaintiff is also directed to restore the fund to the custody of the Municipal Court within five days after the service of a copy of the order entered herein with notice of entry thereof. All concur.

<hr>

### O'ROURKE v. CUNARD S. S. CO., Ltd.

(Supreme Court, Appellate Division, Second Department. June 17, 1915.)

1. CARRIERS ☞234—TRANSPORTATION OF PASSENGERS—WHAT LAW GOVERNS.

   A contract for the carriage on an English steamship of a passenger from Queenstown to New York is governed by English law in determining damages recoverable for a breach of contract, and only such damages as naturally flow from a breach or are contemplated by the parties are recoverable.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 965, 1263, 1538; Dec. Dig. ☞234.]

2. CARRIERS ☞277—CARRIAGE OF PASSENGERS—DAMAGES FOR BREACH OF CONTRACT.

   A female passenger, occupying, with 23 other female passengers, a room, was seized by the matron and a steward and charged with being the mother of a child found dead in the room, and was compelled to go to the ship's hospital, where the ship's surgeon several times forcibly examined her and charged her with being the mother of the child. She was detained as a prisoner from Wednesday morning until Thursday night, when the mother of the child was discovered. *Held*, that a verdict for $35,000 was excessive, and must be reduced to $17,500.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1082–1084; Dec. Dig. ☞277.]

   Jenks, P. J., dissenting.

Appeal from Trial Term, Nassau County.

