(93 Misc. Rep. 180)

FOX et al. v. CAMMEYER, Inc., et al.

(Supreme Court, Appellate Term, First Department. January 24, 1916.)

1. BROKERS ⊝═53—COMMISSIONS—RIGHT TO.

A real estate broker is entitled to commissions only when he is the procuring cause of the sale or lease which he has been engaged to negotiate.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. ⊝═53.]

2. BROKERS ⊝═88—COMPENSATION—ACTIONS.

Where two rival brokers each claim compensation from the owner for the procuring of a lease, the question whether the impleaded defendant was entitled *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. ⊝═88.]

---

⊝═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. TRIAL ⚖️139—PROVINCE OF JURY—SUBMISSION.

Where there was evidence in favor of defendant, a verdict should not have been directed for plaintiff, though a verdict for defendant would be set aside as against the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. ⚖️139.]

4. BROKERS ⚖️73—COMPENSATION—RIGHT TO.

Where the owner, desiring to lease a loft, listed it with rival brokers for rental, and both brokers attempted to secure the same tenant, the owner, which preserved neutrality, is liable for only one commission, notwithstanding its representative told the representative of one of the brokers that he was going to take the matter up directly with the lessee, and such broker need not worry about his commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 59–61; Dec. Dig. ⚖️73.]

5. INTERPLEADER ⚖️8—RIGHT TO INTERPLEAD.

Where the owner of premises, having listed them for rental with two brokers, admitted its liability for a commission to one of the brokers, and it was under the law liable only to the one who actually procured the lease, it is proper to discharge the owner in a suit by one of the brokers, upon its payment into court of the amount of the commission, and to direct the other broker to interplead.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 8, 9, 11; Dec. Dig. ⚖️8.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frederick P. Fox and others against Cammeyer, Incorporated, which interpleaded Spear & Co. as defendant, depositing with the clerk the amount claimed by plaintiff. From a judgment for plaintiff, and an order granting interpleader, the interpleaded defendant appeals. Judgment reversed and remanded. Order affirmed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

David L. Podell, of New York City, for appellant.

Emile Pincus, of New York City, for respondent Cammeyer.

Harry Baer, of New York City, for other respondents.

FINCH, J. This is an action to recover real estate brokers' commissions for the leasing of a loft, and was originally brought against respondent Cammeyer, a corporation, which owned or controlled the loft out of the leasing of a part of which this action has arisen. The appellant, Spear & Co., had also demanded commissions from Cammeyer for the same leasing. Cammeyer admitted its liability to either one of the claimants, and upon its motion and payment into court of the amount claimed, to wit, $240, with interest, appellant was interpleaded in its place, and the action was continued between the two brokers to determine their rights to the money deposited.

Cammeyer had employed both plaintiffs and the appellant, as well as numerous other brokers, to procure a tenant. (The appellant, however, strongly urges that Cammeyer did not employ the plaintiffs, but the evidence is the other way.) About May 19, 1914, appellant, through its representative, Corrigan, brought the premises to the attention of

Herman Moritz & Excelsior Shrinking Company. Corrigan introduced some of the officers of the latter company to a Dr. Hart, who was in charge of the matter for the Cammeyer corporation. The proposed lessees liked the loft, and there was mention made of $5,000 for the loft as it stood, and $6,000 if live steam could be supplied; but it is extremely doubtful from the evidence whether an actual offer was made, because it developed that the loft would be useless to the lessees unless live steam could be furnished, and the Cammeyer corporation was unable to furnish such live steam. Corrigan thereupon started an investigation to devise some means of supplying the steam.

Thereafter, some time in the middle of June, 1914, Herman Moritz, the president of the Herman Moritz & Excelsior Shrinking Company, met Denzer, a representative of the plaintiffs, in Fifth avenue, and said to Denzer that he liked the Cammeyer loft, and wished that something could be done about the live steam. Denzer thereupon saw Dr. Hart and Herman Moritz and the other officers of the Herman Moritz & Excelsior Shrinking Company, and set out to solve the problem of furnishing live steam. He obtained an engineer named Cuthbertson, who recommended a boiler man, Raisler, and the engineer and the boiler man went to the Moritz Company, and also to Dr. Hart, and proposed to install an adequate boiler for $750. In the meantime Corrigan had been working on a machine called the "Gould Booster," which did not prove satisfactory. Whether Corrigan then went to a boiler man, or whether he learned from Dr. Hart that he was considering a boiler man, is in dispute; but it does appear that Corrigan obtained an estimate from an installer of boilers by the name of Jacobson. But Dr. Hart and the proposed lessee preferred the estimate submitted by the engineers Cuthbertson and Raisler to that of Jacobson, because the former had successfully installed the same sort of boiler for a concern that was much larger than the proposed lessee.

The testimony of Denzer is that, after the estimates were in, Dr. Hart wanted $6,500 for the loft, including live steam. The proposed lessees, on the other hand, were only willing to give $5,500. Denzer finally got an offer from Dr. Hart, dropping down to $6,250, and from the proposed lessees, coming up to $5,750. Denzer thereupon got the Cammeyer corporation down to $6,000, and arranged a meeting between the Moritz Company and the Cammeyer corporation, and the parties finally agreed on $6,000 and signed the lease; the Cammeyer corporation also making an allowance to the proposed lessees of $600 for a new engine, it having transpired during the course of the negotiations that the proposed lessees could not use their old engine unless they were able to put a plunger through the floor into the loft below. Dr. Hart asked Denzer to take this matter up with the tenant of the floor below; but the tenant would not allow this opening, unless he was paid for it, and Denzer solved this problem by getting the Cammeyer corporation to allow the proposed lessees $600 towards a new engine, which would cost $800.

[1-3] A real estate broker, acting under such employment as appears in this case, becomes entitled to a commission only when he is the procuring cause of the sale or lease which he has been engaged to

negotiate. Sibbald v. Bethlehem I. Co., 83 N. Y. 382, 38 Am. Rep. 441; Meyer v. Improved P. H. Co., 137 App. Div. 691, 122 N. Y. Supp. 296; Backer v. Rathowsky, 137 App. Div. 559, 122 N. Y. Supp. 225; Dardondille v. Smith, 133 App. Div. 234, 117 N. Y. Supp. 216. From all the circumstances of this case, it was clearly a question of fact as to which of the brokers, the plaintiffs or the appellant, was the procuring cause. The trial was before a jury, but the court refused to submit to the jury any questions, though duly requested by the appellant, and the court directed a verdict for the plaintiffs. This was reversible error, for, though a verdict for the defendant Spear & Co. might have to be set aside as against the weight of evidence, there was still some evidence to support the appellant's contention, and a verdict should not be directed in that event, even though a contrary verdict might have to be set aside as against the weight of evidence. McDonald v. Met. S. Railway Co., 167 N. Y. 66, 60 N. E. 282; Matter of Case, 214 N. Y. 199, 108 N. E. 408.

[4, 5] Appellant also appeals from the order of interpleader, and contends that it had the right to recover commission from the lessor, regardless of plaintiffs' right to commission. It is conceded in the appellant's brief that in the ordinary case of rival brokers claiming a commission interpleader is proper; but it is sought to distinguish the case at bar on the ground that the lessor, by its conduct, left itself open to liability to both rival brokers. The facts, however, do not support this contention. The lessor in the ordinary way submitted the premises to the several brokers for rental, and they were in no way responsible for the fact that two brokers undertook negotiations with the same prospective lessee. Each of the two brokers knew that the other was working on the same prospective tenant, and there was nothing in the lessor's conduct to render it liable for commissions to both brokers. Appellant's representative, Corrigan, testifies that shortly before the deal was closed the lessor's representative told him:

"You don't have to worry; we are taking this matter up direct with the prospective lessee, and we will do what we can do with it."

Assuming this to be true, it cannot be construed as a promise to pay appellant in any event, and it in no way alters the obligations of the lessor. Appellant continued to make estimates to bring about a completion of the transaction, according to its own evidence, and if its efforts were the procuring cause of the lease it is entitled to the commission; otherwise, it is not. The lessor admitted its liability to either one of the brokers, and was properly released upon the payment of the money into court and interpleading the adverse claimant. Dardondille v. Smith, supra; Trembley v. Marshall, 118 App. Div. 839, 103 N. Y. Supp. 680; Rasines v. Ives, 85 App. Div. 483, 83 N. Y. Supp. 228; Rogers v. Picken, 55 Misc. Rep. 199, 105 N. Y. Supp. 281.

The judgment must be reversed, and a new trial granted, with $30 costs to the appellant to abide the event, and order granting interpleader affirmed. All concur.