■ ADOLPH MOORE, Individually and as Stockholder, Officer and Director of Fabrics by Decorama, Inc., Respondent, v. FABRICS BY DECORAMA, INC., et al., Appellants.— Order entered on April 25, 1962, denying motion to separately state and number the causes of action and to strike certain allegations of the complaint, unanimously affirmed, without costs. The suit is a stockholder's derivative action. The title describes the plaintiff as suing in a representative capacity and also individually. However, at Special Term and on this appeal he has denied any intent to sue individually. Decision here and below has been on that basis and, accordingly, plaintiff will be deemed to have conceded that the action is limited to one of derivative origin. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ JEAN SCALZO et al., Respondents, v. VILDA BRUNORI et al., Appellants.— Order, entered on January 31, 1962, granting motion to remove the action from the City Court to the Supreme Court unanimously reversed on the law and the facts, with $20 costs and disbursements to the appellants, and the motion denied, with $10 costs. A prior application based on a doctor's affidavit was denied with leave to renew providing some support for the application was to be found in the hospital records. On this application the hospital records were submitted but they add nothing either by way of corroboration or in addition to the affidavit already submitted. Accordingly, it was improper to grant the application. The original affidavit was patently insufficient. When an affidavit of a physician is submitted in support of a motion of this kind, or in a related situation such as an application to increase damages, or for a preference or the like, it is essential to show the following: The condition of the plaintiff, and that this condition was proximately caused by the accident. In so doing the conclusory averment of the physician to that effect is not sufficient but facts revealed in his examination which led to his opinion must be set out. If the claim is also based on prognosis of a condition that will develop in, or extend into, the future, facts similarly established must be stated. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ LEO H. GARBER, Respondent, v. PHILIP MANDELBAUM et al., Defendants-Appellants and Third-Party Plaintiffs. ANDREW F. CIANELLI et al., Copartners Trading under the Name of Industrial Realty Associates, Third-Party Defendants.— Order, entered on April 24, 1961, granting plaintiff's motion to strike the defensive interpleader in defendant's answer, unanimously affirmed, without costs. The defendants have not demonstrated that all the requirements for interpleader are present (see *Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281; *Nelson* v. *Cross & Brown Co.,* 9 A D 2d 140; *Cross & Brown Co.* v. *Ludin Realty Co.,* 90 Misc. 606). This determination is without prejudice to any application the defendants may make, if so advised, for a consolidation or a joint trial of this action with that brought by the other broker-claimant. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ LEO H. GARBER, Respondent, v. PHILIP MANDELBAUM et al., Appellants.— Order, entered on July 19, 1961, granting plaintiff's motion for summary judgment, unanimously reversed, on the law and the motion denied, without costs. The promise of indemnification made by the plaintiff to the defendants would appear to be so broad as to preclude the granting of summary relief to the plaintiff in the face of the claim asserted by the other broker. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.