SPRUCK *v.* MCROBERTS *et al.*

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

1. MECHANICS' LIENS—OMISSION OF OWNER'S NAME.
   Under Laws 1885, c. 342, § 4, providing that the failure to state the name of the true owner in a mechanic's lien shall not impair the validity of the lien, the omission of the name of the owner is immaterial.

2. SAME—IMPLIED ASSENT TO WORK.
   Where buildings have been erected with the knowledge of and without objection or notice of ownership from one who subsequently acquires the land by ejectment, he will be presumed to have assented to the erections, and will be bound by a lien therefor.

3. NOTICE OF OWNERSHIP TO BUILDER.
   In such a case the owner can derive no benefit from the fact that the builder was notified of his danger, and failed to institute inquiry or profit by the warning, as the only hazard assumed in disregarding such notice was the risk of placing a building on the land without the owner's assent, and when such assent is established the risk has wrought no mischief.

Appeal from judgment on report of a referee.

Action by Henry Spruck against Hugh McRoberts and others to foreclose a mechanic's lien. From a judgment for plaintiff, defendant McRoberts appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*William M. Mullen*, for appellant. *Oscar Frisbie*, for respondent.

DYKMAN, J. This is an action for the foreclosure of a mechanic's lien. It has been tried before a referee, who found all the facts in favor of the plaintiff, and the appeal is from the judgment entered upon his report. The claim of the plaintiff is for the erection of a building under a contract in writing made by him with George Tartter and Catharine Tartter, and they are named and described in the notice of lien as the owners against whose interests a lien is claimed. The land upon which the building was erected belonged to Hugh McRoberts, and he alone defended this action, and appealed from the judgment. He had been wrongfully deprived of the possession of his land by Tartter and wife, who were in the actual possession at the time of the making of the contract with the plaintiff, and so continued until McRoberts recovered the same under a judgment in an action of ejectment.

But two material questions arise for determination upon this appeal. The first has reference to the omission of the name of McRoberts from the notice of lien filed by the plaintiff, and that seems to be determined by the provision in the fourth section of the act under which the lien was filed, that "the failure to state the name of the true owner * * * shall not impair the validity of the lien." Chapter 342, Laws 1885, § 4; *Schmalz* v. *Mead*, 125 N. Y. 193, 26 N. E. Rep. 251. The chief objection of the appellant is that the building was erected upon his land without his knowledge or consent, when the possession was wrongfully withheld from him by the persons who made the contract with the plaintiff. Upon this question the referee found that the appellant knew the plaintiff was erecting the building upon his land, and consented to the performance of the work and furnishing of the materials by the plaintiff in the erection of the building. That finding was not based upon proof of actual consent by the appellant, but upon evidence that he became aware of the erection of the building soon after its commencement, and saw it in course of construction, from time to time, until its completion, without making any objection or giving any notice to the plaintiff of his ownership of the property. Such silence of the appellant was construed by the referee into an implied assent to the work which he saw progressing, because equity and fair dealing required him to give notice of his rights and intentions in the premises, and state his objections, if any he had, to the construction of the edifice, instead of standing by in silence, and permitting the plaintiff to expend money upon his property, from which he might reap a benefit without compensation. These actions to foreclose mechanics' liens are not based upon contract, so far as the validity of the lien is concerned, and proof of the consent of the owner to the performance of the work or the furnishing of materials in the construction of a building upon his land is sufficient for the acquisition of the lien. Chapter 342, Laws 1885, § 1. It is not necessary to prove a contract of the owner; neither is it essential to establish his consent by direct evidence. If his consent was manifested in any way to the building of the house, it is sufficient. That rule is now well established in this state, and is founded upon the principle that one who knowingly takes the benefit of the labor or expenditure of another in the improvement of his land ought to have the land subject to a lien for the value thereof. The doctrine has been applied in cases where buildings have been erected upon the land of married women under contracts with their husbands, the women simply knowing of them, and permitting them. In such and similar cases it has been held that such consent authorized the

lien. *Nellis* v. *Bellinger,* 6 Hun, 560; *Otis* v. *Dodd,* 90 N. Y. 340; *Husted* v. *Mathes,* 77 N. Y. 388; *Burkitt* v. *Harper,* 79 N. Y. 273. Our conclusion, therefore, is that the consent of the appellant to the erection of the building may be implied from his knowledge of its commencement, and that his silence and failure to object may be deemed sufficient evidence of consent.

The appellant made an effort to avoid the effect of his knowledge and implied consent by proof that the plaintiff was notified of his danger, and failed to institute inquiry or profit by the warning. We think, however, that the appellant can derive no benefit from the warning given to the plaintiff. Not, however, because the notice was unauthorized, because that is immaterial. It was a notice, whether it was authorized or voluntary. The reason is this: The only hazard assumed by the plaintiff in disregarding such notice was the risk of placing a building upon the land of the appellant without his assent, and, now that such assent is established, the risk has wrought no mischief.

The judgment should be affirmed, with costs. All concur.