Coombe, 1 Pet. 640, 7 L. Ed. 295) have been held sufficient to comply with the statute. In Sarl v. Bourdillon, C. B. N. S. 194, the defendant wrote a description of articles in a book belonging to the plaintiffs, who were tradesmen, which had the words "Order Book" printed on the outside and the plaintiffs' name, "Sarl & Son," on the fly-leaf. At the end of the description the defendant wrote his name and address. The court held that the requirements of the statute had been satisfied, and the plaintiffs were permitted to maintain their action.

The general principles referred to, and the authorities cited, all seem to me to sustain the right of the plaintiff to recover. The motion to set aside the verdict of the jury in favor of the plaintiff is denied, with $10 costs.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Rose & Putzel, for appellant.
Goldsmith & Rosenthal, for respondents.

PER CURIAM. That plaintiffs' Exhibit A, upon which the action was brought, is a note or a memorandum of a contract of sale sufficient to satisfy the statute of frauds, has been so fully demonstrated by the learned trial judge in the opinion delivered by him upon his denial of defendant's motion for a new trial that further discussion on that point is unnecessary. Moreover, the practical construction placed upon said exhibit by the parties was that it evidenced a contract of sale. The issues requiring submission to the jury were properly submitted, and the record discloses no possible error.

The judgment and order should be affirmed, with costs.

---

(45 Misc. 346)

### KRUGMAN v. HANOVER FIRE INS. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. INTERPLEADER—CITY COURT.

By express provision of Code Civ. Proc. § 3347, subds. 4, 6, section 820, authorizing an order of interpleader, is made applicable to the City Court of New York City.

Appeal from City Court of New York, Special Term.

Action by Samuel Krugman against the Hanover Fire Insurance Company. From an order denying its motion for an order of interpleader under Code Civ. Proc. § 820, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry G. Sanford, for appellant.

BISCHOFF, J. The affidavits used on the motion presented a clear case for an order of interpleader, but the motion was denied upon the ground, as appears from the opinion of the court, that the City Court had no power to grant such an application, under the authority of Wells v. The Corn Exchange Bank (Sup.) 87 N. Y. Supp. 480, decided by the Appellate Term of this court in March,

1904. In the case cited the court held that after the granting of an order of interpleader the cause became one of equitable cognizance, and that, since the City Court had no equity powers, the granting of such a motion would deprive that court of jurisdiction to proceed with the cause. When deciding the Wells Case the attention of the court does not appear to have been called to the fact that section 820 of the Code was, by express provision of the statute, made applicable to the City Court of New York (Code Civ. Proc. § 3347, subds. 4, 6; Jacobs v. Lieberman, 51 App. Div. 542, 64 N. Y. Supp. 953); and, since it was competent to the Legislature to confer equitable jurisdiction upon the City Court either expressly or by necessary implication, the objection that the exercise of equitable powers would exceed the court's jurisdiction cannot apply to such a case as this. We are of opinion, therefore, that the Wells Case, so far as it decides to the contrary, should not be followed upon the present appeal, and that the views expressed by the learned judge in the opinion rendered in the court below, favorable to the motion, are clearly sound.

We conclude that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.