---

RIESGO v. CLARK et al.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

1. CONTINUANCE—GROUNDS—ENGAGEMENTS OF COUNSEL.

The day that a cause was first on for trial the attorney for defendant represented to the court that he was engaged in the trial of another cause, but that he would probably be through the following day, whereupon the court stated that, if counsel would say that he would go on with the trial the next day, the case would be passed, but that otherwise an

inquest would be proceeded with, to which defendant's counsel assented, and on the following day he again made application to adjourn on the ground that he could not leave the other trial. *Held*, that the court was justified in refusing to postpone the trial.

2. PLEADING—AMENDMENT—TIME OF APPLICATION.

It was not error to refuse to entertain a motion to amend the answer, where the action had been at issue for some time and the motion was not made until the cause was about to be called for trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 765–767.]

3. MORTGAGES—FORECLOSURE BY ACTION—ISSUES AND PROOF.

Code Civ. Proc. § 1629, provides that the complaint in an action to foreclose a mortgage must state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part thereof has been collected. *Held*, that where the complaint contained the statutory allegation, and the answer denied any knowledge or information sufficient to form a belief as to such allegation, and defendant withdrew from the trial of the case, and an inquest was had, it was not incumbent on plaintiff to prove such allegation.

4. SAME—EVIDENCE—SUFFICIENCY.

In an action to foreclose a mortgage, the evidence showed that the amount specified in the bond had been actually paid to the mortgagor at the execution of the mortgage; that plaintiff had received from the mortgagor payment of a sum of money, a part of which was applicable to the payment of the principal of the bond; and that, after deducting such amount from the principal, the remainder was due and payable. *Held*, that such évidence warranted a finding that no other proceeding had been instituted to collect the amount due on the bond and mortgage, from which anything had been received that could be credited thereon.

Appeal from Special Term.

Action by Louis A. Riesgo against James F. A. Clark and others, as survivors of the firm of Clark, Ward & Co., in liquidation, and others. Appeal by defendants from a judgment of foreclosure and sale. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Treadwell Cleveland, for appellants.

David B. Ogden, for respondent.

INGRAHAM, J. This action was brought to foreclose a second mortgage upon certain premises owned by the Glengariffe Realty Company, the mortgagor. There were made parties defendant to this action James F. A. Clark and others, as survivors of the firm of Clark, Ward & Co., in liquidation, as persons having, or claiming to have, some interest or lien upon the mortgaged premises which had accrued subsequent to the lien of the mortgage and was subject and subordinate thereto. This complaint contained the usual allegations, including that required by section 1629 of the Code of Civil Procedure, which was as follows:

"That no other action has been had for the recovery of the said sums secured by the said bond and mortgage or any part thereof."

These defendants, James F. A. Clark and others, as surviving partners, interposed an answer, admitting the making, execution, and delivery of the bond and a mortgage to secure its payment, and alleging

101 N.Y.S.—53

that they had no knowledge or information sufficient to form a belief
as to certain other allegations of the complaint in regard to the payment
of interest upon the prior mortgage; denied that there was due to
the plaintiff the sum of $100,000, and denied knowledge or information
sufficient to form a belief as to there being due to the plaintiff va-
rious other sums of money which complaint alleged that the plaintiff
had paid as interest on prior mortgages and insurance; admitted that
the defendant Clark had or claimed to have some interest in or lien
upon the said mortgaged premises; and then, as a separate defense,
alleged that the answering defendants obtained a judgment on the
21st day of September, 1901, against one J. Edward Addicks, which
judgment was duly filed in the office of the clerk of the county of
New York on May 20, 1905; that there was due and unpaid upon that
mortgage upwards of $193,000. Subsequently these judgment cred-
itors commenced an action in the Supreme Court of the state of
New York to have certain real property situated in the county of New
York declared to be the property of the judgment debtor, Addicks,
and the lien of the said judgment impressed thereon, and the said
property sold and applied to the satisfaction of the said judgment, and
that the mortgaged premises described in the complaint were a part
of the premises included in that mortgage; that the said premises are
equitably the property of the said Addicks, and were held in the name
of the defendant Glengariffe Realty Company for the purpose of
hindering, cheating, and defrauding creditors. A further defense was
that this mortgage was fraudulent and void as against these defend-
ants, and that the mortgage is usurious and void. The answer also
contained an allegation of a lack of knowledge and information suffi-
cient to form a belief as to the truth of the allegation of the com-
plaint that no other action had been brought to foreclose this mortgage
or to recover the amount due upon the bond.

The action being at issue, it came on for trial at the Special Term
on the 9th of January, 1906, when the counsel for the defendants sub-
mitted an affidavit that he was engaged in the trial of a case in
another branch of the court, and that he would be engaged in such
trial for the remainder of the week, and for that reason he asked for
a postponement of the trial of the case. This motion was denied, and
the plaintiff thereupon called a witness who testified that he was an
attorney and counselor at law and represented the plaintiff in loans
made to them. The bond and mortgage was then introduced in evi-
dence, and the plaintiff testified that he was present at the time the
mortgage was given, and that $100,000 was at that time advanced
by the plaintiff to the Glengariffe Realty Company. At this point Mr.
Cleveland, who was counsel for the appellant, appeared and stated that
since the 13th of November he had been continuously engaged in the
trial of a case. In answer to a question by the court, he stated that he
would probably be engaged for two days more, stating to the court
that he would be very likely able to get off from the other trial on
the following day or the day after. Counsel for the plaintiff opposed
an adjournment upon the ground that there was another installment
of interest upon the first mortgage which would become due on the 1st
day of February, which the plaintiff would be required to pay if there

was an adjournment of the case. The court then stated to the counsel that, if he would say that he would be prepared to go on with the trial of the case the next day, the court would pass the case, and counsel said that he would endeavor to do so, when the court said:

"If you will not undertake to enter into that understanding, the inquest may now proceed."

This being assented to, the court stated that the trial would stand over until the next day, the case to be considered on trial to be taken up the next morning. The next morning Mr. Cleveland again appeared and made an application to further adjourn the case, as he could not leave the other trial in which he was engaged. The court stated that, in view of what had happened the day before, he did not think the case should be further delayed. There was some further discussion between counsel and the court about a proposed amendment to the answer of these defendants, plaintiff's counsel apparently making no objection to the proposed amendment; but, counsel for the other defendants objecting, the court denied the motion to amend the answer, to which there was an exception. Whereupon Mr. Cleveland stated, "I propose to take no further part in this trial," and left the courtroom, and the court proceeded with what was called an inquest, which the plaintiff had commenced the day before. Evidence was then offered, proving that the plaintiff had paid six months' interest and also insurance; that the defendant had paid nothing on account of the principal of this mortgage, but had paid $8,000, one year's interest, on the 15th of March, 1905; that he had made a computation of interest upon the amounts which were due; and that the net amount of principal due, after deducting all payments, was $99,136.89, which, with the interest paid on the former mortgage and the insurance and interest thereon, makes a total of $107,808.50. The defendant offering no testimony, the court directed a judgment of foreclosure and sale. From this judgment the defendants have appealed.

It is doubtful whether the defendants have a right to appeal from the judgment entered under these circumstances. After the application of defendant's counsel to adjourn the trial and for an amendment was denied, he withdrew from the trial and it proceeded without him. But, assuming that they have a right to appeal, as no exception was taken to the evidence, the only question presented is raised by the exception to the conclusions of law which was subsequently taken by these appealing defendants, and by the exception to the fourteenth finding of fact, which found that no other action had been had for the recovery of the sums secured by the said bond and mortgage or any part thereof, upon the ground that there was no evidence to support it. We think that the court was justified in refusing to postpone the trial. The day that the case was first on for trial, the attorney for these defendants entered into an implied agreement with the court that he would appear on the next day and continue with the trial without objection. The trial was considered commenced, to be continued on the next day. When the case was called on the following morning, the counsel was bound by his agreement, and was bound to make arrangements to continue the trial, or, if he could not do so because of his engagements,

to procure other counsel to represent his clients. The court was also justified in refusing to entertain the motion to amend the answer upon the trial. The action had been at issue for some time. The answer had stood as the answer of the defendants until the case was about to be called for trial, and, if counsel had desired to stay the trial until after his motion was heard and decided, he should have made the proper application to stay the proceedings at the Special Term.

The only question, therefore, that requires any consideration is whether the allegation of the complaint that no other action had been commenced to recover the amount due upon this bond and mortgage was required to be proved, in the face of a denial of knowledge or information sufficient to form a belief as to that fact. By the bond given by the mortgagor it acknowledged itself indebted to the plaintiff in the sum of $100,000. It gave to the plaintiff a mortgage upon its real property to secure the payment of that sum. Whether or not the plaintiff had instituted any other action for the recovery of the sum secured by the said bond and mortgage was no part of the plaintiff's cause of action, which was upon the bond and the mortgage to secure the payment of the amount due on the bond. Whether or not the plaintiff had realized from any source any money which could be applied to reduce the amount secured by this bond and mortgage was an affirmative defense, so that it cannot be said that this allegation constituted any part of the plaintiff's cause of action. Section 1629 of the Code of Civil Procedure provides that:

"The complaint, in an action to foreclose a mortgage upon real property, must state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part thereof has been collected."

This allegation is not made a part of the plaintiff's cause of action by any provision of the Code. It does not seem that a mere denial of knowledge or information sufficient to form belief by the defendants of that allegation, when inserted, raises an issue, so that the plaintiff must prove the fact alleged before being entitled to judgment, especially where a defendant withdraws from the trial of the case. The fact that at the time the execution of the bond and mortgage the amount secured thereby was actually paid to the mortgagor, and that the plaintiff had received on account of the principal a small sum of money, which was credited, and that the balance was due upon the mortgage, proved the plaintiff's cause of action, and upon that proof, in the absence of any defense offered by the defendants, the plaintiff was entitled to judgment. I do not understand that existence of a former proceeding to recover the amount secured to be paid by a bond and mortgage would of itself be a defense, and this provision of the Code seems to require the insertion of such an allegation in the complaint for the information of the court upon the trial, and not to raise an issue which, by the mere denial of the allegation, would require the plaintiff to prove the negative of an affirmative defense. It would seem to be analogous to those cases where a formal allegation is required in a complaint, but of which no proof is required upon the trial, like an allegation of a breach of a contract to pay a sum of money, where it is essential that the plaintiff should allege a breach of the contract of

which he complains, but a denial of that allegation does not put the fact in issue.  See Lent v. N. Y. & H. R. Co., 130 N. Y. 504, 29 N. E. 988.

A consideration of the language used in the Code shows clearly the object of this provision.  The complaint must state whether any other action has been brought to recover any part of the mortgage, and, if so, whether any part thereof has been collected, the clear intent being to compel the plaintiff to allege in the complaint the facts to show that no part of the mortgage has been collected; but, the mere maintenance of a former action not being a defense, the failure of the plaintiff to prove that no action had been commenced would not be a ground for refusing to award the plaintiff a judgment.  If the complaint had alleged that an action had been brought on the bond, but nothing had been recovered, the complaint would not have been demurrable, nor would such an allegation in an answer be a defense; but I think the proof upon the trial was sufficient to justify the finding that no action had been commenced in which any sum had been collected which was applicable to the payment of the amount due on the mortgage. · The evidence was that the amount specified in the bond had been actually paid to the mortgagor when the mortgage was executed; that the plaintiff had received a sum of money, a part of which was applicable to the payment of the principal of the bond; that the only sum that had been paid by the mortgagor to the plaintiff was the sum of $5,000, of which $4,136.89 was payable for interest and $681.11 was credited on the principal, leaving a net amount of principal due, after allowing that deduction, of $99,133.89.  This was direct proof that the plaintiff had received nothing on account of the principal, except this sum of $681.-11, which was credited upon the principal, and for the balance of the principal, with the other payments to which the plaintiff was entitled to judgment, judgment was awarded.  It seems to me, therefore, that this proof was sufficient to sustain the finding that no other proceeding had been instituted to collect the amount due upon this bond and mortgage, from which anything had been received which could be credited thereon, and that upon this the plaintiff was entitled to judgment. No case has been cited upon the construction to be given to section 1629 of the Code, as it does not appear that such a claim has ever been before made.

It follows that the judgment appealed from must be affirmed, with costs.  All concur.  ·

