any balance owing. In Kotzen v. Nathanson, 33 Misc. Rep. 299, 68 N. Y. Supp. 497, the court decided that, while a court not of record has no jurisdiction to adjust the equities amongst different lienors, it has authority to declare the amount claimed by any lienor a valid lien against the owner, apparently leaving the unfortunate owner in the position that, though he concededly owes only one definite sum of money, he may be compelled to pay that sum to different claimants if they are successful in successive suits. Such considerations are cogent against a view that the Legislature could possibly have intended to pass a law giving such jurisdiction to the Municipal Court, and they seem to me controlling when the language of the Legislature must, in fact, be strained to show such an intent.

I therefore concur in affirmance only with great reluctance.

GIEGERICH, J., concurs on grounds stated by Justice LEHMAN.

---

CONCORD CONST. CO. v. PLANTE et al.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. PARTNERSHIP (§ 183*)—APPLICATION OF ASSETS—ASSIGNMENT OF FIRM ASSETS TO PAY INDIVIDUAL DEBTS—VALIDITY.

An assignment by a partner in the name of the firm of the amount due to the firm on a contract with a city, given in satisfaction of individual obligations of the partner, incurred prior to the formation of the firm, and not assumed by it, is without consideration and void as against lien claimants of the firm, and they are entitled to the fund in preference to the trustee in bankruptcy of the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 333; Dec. Dig. § 183.*]

2. FRAUDULENT CONVEYANCES (§ 83*)—CONSIDERATION—ASSIGNMENT AS SECURITY TO GUARANTOR—VALIDITY.

A wife of a partner made an accommodation note to the order of the firm, which indorsed it and discounted it at a bank. A third person guaranteed the payment of the note or any renewal. A renewal note was given, and before its maturity the firm assigned to the guarantor part of a fund due to it on a city contract, ostensibly as collateral security. When he guaranteed the note, he did not ask for indemnity, nor was any promised. He was liable only in case both the firm and the wife failed to pay the note. He did not change his position by reason of the assignment. Held, that the assignment was without consideration and void as against lien claimants of the firm, though he subsequently voluntarily paid the note, and the wife was able to pay the note at maturity, and the lien claimants were entitled to the fund in preference to the trustee in bankruptcy of the firm.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 213; Dec. Dig. § 83.*]

Ingraham, P. J., and Miller, J., dissenting.

Appeal from Special Term, New York County.

Action by the Concord Construction Company against Guthrie B. Plante, trustee in bankruptcy of the firm of H. M. Weed & Co., and others, to foreclose a mechanic's lien. From a judgment (63 Misc.

Rep. 120, 116 N. Y. Supp. 153) adjudging the invalidity of assignments made by the firm as a general contractor, and directing the payment of the fund to plaintiff and certain of the defendants as lien claimants, defendant Guthrie B. Plante, trustee, and others, appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

Jacob J. Lesser, for appellant Plante, trustee.

Benjamin N. Cardozo, for appellant Bolton and others.

Walter H. Gilpatric, for respondents Concord Construction Company and others.

A. S. Gilbert, for respondent John Pinches Co.

H. Schieffelin Sayers, for respondents Alberne Stone Co. and others.

Frank M. Avery, for respondents General Fire Proofing Co. and others.

Fixman & Lewis, for respondents Baumann & Hagan.

McLAUGHLIN, J.    Action by a subcontractor to foreclose a mechanic's lien upon a fund due the general contractor from the city of New York. The general contractor was the firm of H. M. Weed & Co., which was a partnership composed of H. M. Weed and one Barrett. On the 2d of October, 1907, Weed executed, in the name of the firm, four assignments, the aggregate amount of which covered substantially the entire fund in question. The plaintiff filed its notice of lien on October 3d, and similar notices were filed by the other respondents on the same day, or shortly thereafter. The firm was subsequently adjudicated a bankrupt, and the appellant Plante appointed trustee. The trial court found that the assignments were without consideration, fraudulent and void as against the lienors, and directed payment of the fund to the plaintiff and the other respondents, and the balance remaining, if any, to the trustee. Judgment was entered to this effect, from which the assignees and the trustee, who claims the exclusive right to attack the assignments, appeal.

The evidence adduced at the trial fully established that the assignments, with the exception of that to the appellant Bolton, were given in satisfaction of the individual obligations of H. M. Weed, incurred prior to the time the partnership was formed. It did not appear—at least evidence was not offered which would have justified a finding —that these obligations or any of them were ever assumed by the firm, and the trial court, therefore, was correct in finding that the assignments were without consideration and void as against the lienors. That being so, the lienors, in preference to the trustee, were entitled to payment from the fund. Crane Co. v. Pneumatic Signal Co., 94 App. Div. 53, 87 N. Y. Supp. 917, affirmed sub nom. Crane Co. v. Smythe, 182 N. Y. 545, 75 N. E. 1128. Whether the assignments were void or voidable under the bankruptcy act, if indeed that question were properly before the court, was immaterial.

The assignment to Bolton was given under different circumstances. In August, 1907, Mrs. H. M. Weed made an accommodation note for $2,000, payable October 1st, following, to the order of H. M. Weed & Co. The firm indorsed this note and had it discounted by a bank. Bolton, by a separate instrument, guaranteed to the bank the payment of the note or any renewals thereof. When the note became due, a

renewal note, payable October 15th, was given in its place. The assignment to him for $2,050 was executed at the same time the other assignments were—October 2d—and was ostensibly to secure him upon his guaranty. I am unable to see where there was any consideration for this assignment. Bolton himself testified that it was not given in consideration of his guaranty, and it could not have been, because that was over a month before the assignment was made. He did not ask, when he guaranteed the note, that he be indemnified against liability, nor was indemnity promised him. His name did not appear upon the note, and he was liable only in case both H. M. Weed & Co. and Mrs. Weed, the maker of the note, refused to pay it. When the assignment was made, the note was not due, and he had no claim whatever against the firm. He did not agree to pay the note or change his position in any way by reason of the assignment. In fact, he knew nothing about the assignment, and "did not expect it" until he received the instrument through the mail, with a note stating that a copy had been filed in the county clerk's office, and when asked, "What was the consideration of the assignment you received?" he answered, "There was none."

The assignment was an absolute one, and as against the lienors, who were creditors of the firm, it seems to me it was clearly without consideration and void. Craft v. Schlag, 61 N. J. Eq. 567, 49 Atl. 431. When the note fell due on October 15th, Bolton voluntarily paid it, without even a demand for payment having been made upon him or the maker. No evidence was offered that Mrs. Weed was unable to pay the note. On the contrary, the court found that she was able to pay it when it fell due, and Bolton knew it when he paid the note. Under such circumstances, a voluntary payment on his part could not operate to validate the assignment, otherwise void in its inception. Wood v. Hunt, 38 Barb. 302. Not only this, but the only conclusion which I am able to draw from the undisputed facts is that the assignment was given and accepted with the intent of hindering and defrauding the lienors, and the trial court so found. It was, therefore, void as to them, even if his voluntarily paying the note constituted a consideration (Greenwald v. Wales, 174 N. Y. 140, 66 N. E. 665; Starin v. Kelly, 88 N. Y. 418), and for that reason the same was properly set aside (N. Y. L. Co. v. Seventy-Third Street Bldg. Co., 5 App. Div. 87, 38 N. Y. Supp. 869; Gross v. Daly, 5 Daly, 540; Linneman v. Bieber, 85 Hun, 477, 33 N. Y. Supp. 129; Tisdale v. Moore, 8 Hun, 19).

If the foregoing views be correct, then it follows the judgment appealed from should be affirmed, with costs to each respondent appearing separately and presenting briefs.

LAUGHLIN and DOWLING, JJ., concur.

MILLER, J. (dissenting). I am unwilling to assent to the proposition that the contingent liability of a surety or guarantor is not sufficient consideration to support an assignment as security by the principal debtor, or that a surety cannot take such an assignment from the

principal debtor without being chargeable with notice of such debtor's intention to defraud creditors.

The cases cited in the prevailing opinion do not support the conclusion reached. Craft v. Schlag, 61 N. J. Eq. 567, 49 Atl. 431, is an authority for, not against, the appellant Bolton. In that case, a surety took an absolute assignment of substantially all of his principal's property, but did not satisfy the debt, nor in any way change his position to the liability. The court held that a contingent liability was not sufficient consideration to support an absolute conveyance of all of the principal's property; but it was careful to point out that the conveyance would have been good if taken only as security. In this case, the undisputed evidence is, and the court found, that the assignment was taken as security. Paying or securing an honest debt does not tend to "hinder, delay, or defraud creditors" within the meaning of those terms as applied to fraudulent conveyances. Wood v. Hunt, 38 Barb. 302, decided, what is undoubted law, that an assignment, void as to creditors in its inception, was not made valid by the subsequent voluntary payment by the assignee of the debts of the assignor. If the assignment to Bolton had not been given as security for a liability, contingent or otherwise, but had been wholly voluntary, the case cited would be in point. Greenwald v. Wales, 174 N. Y. 140, 66 N. E. 665, decided that, even though an assignment was supported by a sufficient consideration, it was void as to creditors if made with intent to hinder, delay, or defraud them, of which the assignee had notice. There was no evidence to show, and the court did not find, that the defendant Bolton participated in, or had notice of, any fraudulent intention of his assignor. The nearest to a finding on that head is the twenty-ninth finding of fact, to the effect that the defendants James, Martha R. Weed, and Bolton had reasonable cause to believe that the assignments in question were given with the intention to prefer them over other creditors. But we are all agreed that the question of unlawful preference under the federal bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) is not involved in this case. The evidence plainly shows that the defendant Bolton acted in entire good faith in accepting security, and his testimony bears the stamp of honesty. He did testify that the guaranty was not the consideration, and indeed that there was no consideration, for the assignment; but what he meant is plain. He was referring to "consideration" in the popular, not legal, sense. He testified:

"H. M. Wood & Co. made an assignment to me to cover me in order that the loan should be paid."

It is plain that the trial court decided the case upon the ground that the assignments were without consideration, and therefore constructively fraudulent, and the judgment must be supported upon that ground, if at all.

The case, in a nutshell, is this: Bolton guaranteed the payment of a note, made by Mrs. H. M. Weed for the accommodation of H. M. Weed & Co., indorsed by H. M. Weed & Co., and discounted by a bank. Thereafter, without his having asked for it, the principal debtors sent him the assignment in question to secure him upon his guar-

anty. In good faith, he accepted that assignment. By that act of acceptance, the assignment became a valid, binding instrument, and the liability, which it was given to secure, furnished ample consideration to support it. It is wholly immaterial that Bolton made the guaranty without exacting security, or that the assignment was sent to him without a request from him for it. Weed & Co. had as much right to secure the contingent liability of a surety, as they had to pay a debt. The consideration for the assignment was the contingent liability. Creditors were not hindered, delayed, or defrauded by it. They could still reach the property assigned unless Bolton had to pay on his guaranty. It is said that his payment of the note was voluntary. I am unable to understand how a payment, made by one who has guaranteed it, can be said to be voluntary. It was voluntary only in the sense that he discharged his obligation without being compelled by legal process to do so. It is of no concern to the plaintiff that he has not sought a recovery over from the accommodation maker. Should he do so, she would undoubtedly be entitled to subrogation to his rights under the assignment. This is not a case between two creditors, one of whom has two funds to resort to.

I vote to reverse the judgment in so far as it adjudges the assignment to the defendant Bolton void.

INGRAHAM, P. J., concurs.