DOUGLASS et al. v. F. W. CARLIN CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department.   March 29, 1912.)

MECHANICS' LIENS (§ 276*)—PLEADINGS—AMENDMENT.

    While a complaint to foreclose a mechanic's lien must allege that no other action has been brought on the debt, there being no demurrer, the court may insert that allegation under Code Civ. Proc. § 723, giving it power to amend by "inserting an allegation material to the case."

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 539–545; Dec. Dig. § 276.*]

Appeal from Special Term, Kings County.

Action by Daniel Douglass and another against the F. W. Carlin Construction Company and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

G. H. D. Foster, for appellant F. W. Carlin Const. Co.

Harry C. Wingate, for appellants Carlin.

Alfred J. Gilchrist (Jacob Neu, on the brief), for respondents.

WOODWARD, J.   This is an action to foreclose a mechanic's lien, resulting in a judgment in favor of the plaintiff.   The plaintiffs, as copartners, were subcontractors of the defendant F. W. Carlin Construction Company, which company had a contract with the defendant the city of New York for the construction or alteration of the Williamsburgh or new East River bridge.   It is not questioned that the plaintiffs performed certain labor and furnished certain materials to said defendant Carlin Construction Company; but a controversy arose as to the value of the services and materials, and the plaintiffs attempted to file a lien.   In this they were unsuccessful, because of defects in the notice, and thereafter, and on the 30th day of October, 1908, the plaintiffs filed with the comptroller and the commissioner of bridges of the city of New York a second notice of lien, set out in the complaint, and which furnishes the foundation of the present action for the foreclosure of such lien.   This second lien was discharged by a bond of the defendant Carlin Construction Company, with the defendants John J. Carlin and Thomas G. Carlin as sureties.   It is admitted that the Carlin Construction Company is liable to the plaintiffs for the reasonable cost of the labor and materials furnished in this work, and that the plaintiffs would be entitled to a personal judgment for such sum in the present action; but it is urged that the complaint is insufficient in two respects—in that (a) it failed to allege the facts necessary to entitle the plaintiffs to show the contract between the city and the Carlin Construction Company and the amount earned thereunder;   (b) it failed to allege that no other action had been brought to recover any part of the debt.

We are of the opinion that the stipulation entered into between the parties for the purposes of this trial effectually disposes of the first objection, which the appellants do not think it worth while to argue in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

their brief. We are equally persuaded that, while it was necessary to a proper complaint, in an action to foreclose a mechanic's lien, to allege that no other action had been brought upon the debt, it was within the discretionary power of the court, under the provisions of section 723 of the Code of Civil Procedure, to amend the complaint by "inserting an allegation material to the case." It was held in Riesgo v. Glengariffe Realty Co., 116 App. Div. 414, 419, 101 N. Y. Supp. 832, affirmed 194 N. Y. 600, 88 N. E. 1130, without opinion, that such an allegation in an action to foreclose a mortgage was not a part of the plaintiff's cause of action, which the plaintiff was bound to support by evidence upon a denial of knowledge or information sufficient to form a belief, but that it—

"seems to require the insertion of such an allegation in the complaint for the information of the court upon the trial, and not to raise an issue which by the mere denial of the allegation would require the plaintiff to prove the negative of an affirmative defense. It would seem to be analogous to those cases where a formal allegation is required in a complaint, but of which no proof is required upon the trial, like an allegation of a breach of a contract to pay a sum of money, where it is essential that the plaintiff should allege a breach of the contract of which he complains, but a denial of that allegation does not put the facts in issue."

This being the purpose of the provision of the statute requiring the statement of this fact, and it not being a part of the plaintiff's cause of action, in the sense that it gives him a wrong to be remedied, it follows as a matter of course that, where the defendant has failed to raise the objection by demurrer, the court will permit an amendment upon the trial by permitting the insertion of an allegation material to the case. In such a case the power of the court is limited merely to the question of whether substantial justice is to be promoted by the amendment. Maders v. Whallon, 74 Hun, 372, 376, 26 N. Y. Supp. 614. This conclusion is in entire harmony with the rule laid down by the court in National Bank of Deposit v. Rogers, 166 N. Y. 380, 59 N. E. 922, and with the whole tenor of modern judicial determinations.

The judgment appealed from should be affirmed, with costs. All concur.