(79 Misc. Rep. 357.)

SCHULTZ v. TEICHMAN ENGINEERING & CONSTRUCTION CO. et al.

(City Court of New York, Trial Term.   February, 1913.)

1. MECHANICS' LIENS (§ 263*)—SUIT TO FORECLOSE BONDED LIEN—LEAVE TO SUE.

An action to foreclose a mechanic's lien after bond filed joining the sureties as parties in lieu of the lien may be maintained without complying with Code Civ. Proc. § 814, providing that suit on such bonds may be maintained with leave of court.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 471–481; Dec. Dig. § 263.*]

2. MECHANICS' LIENS (§ 134*)—NOTICE—SUFFICIENCY.

A mechanic's lien notice filed under Laws 1909, c. 38 (Consol. Laws 1909, c. 33), relating to liens, which sets out the lienor's residence and trade-name, the names and interest of the owners so far as known to the lienor, the name of the person who employed the lienor, the nature of the materials furnished, the agreed price thereof, the amount unpaid, the dates when the first and last items were furnished, and a description of the property, was sufficient.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 208; Dec. Dig. § 134.*]

3. MECHANICS' LIENS (§ 134*)—NOTICE—SUFFICIENCY.

A substantial compliance with Laws 1909, c. 38 (Consol. Laws 1909, c. 33), relating to mechanics' liens, is sufficient.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 208; Dec. Dig. § 134.*]

4. MECHANICS' LIENS (§ 245*)—ACTION TO FORECLOSE—NATURE.

An action to foreclose a mechanic's lien is one in equity and controlled by the general spirit of equity.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 427–430; Dec. Dig. § 245.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. COURTS (§ 160*)—JURISDICTION—EQUITY—FORECLOSURE OF MECHANIC'S
LIEN—"INFERIOR LOCAL COURT."
   Although the City Court of the City of New York ·has no general
equity jurisdiction, it is not an "inferior local court" within Const.
art. 6, § 18, which forbids the Legislature to confer "any equity juris-
diction" upon such courts, and hence Code Civ. Proc. § 315, subd. 2,
giving this court jurisdiction to foreclose a mechanic's lien, is not un-
constitutional.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 405; Dec. Dig.
§ 160.*
   For other definitions, see Words and Phrases, vol. 4, p. 3582.]

6. MECHANICS' LIENS (§ 137*)—NOTICE—SUFFICIENCY—NAME OF OWNER.
   A notice of mechanic's lien is sufficient when it recites the name of the
owner at the time of contracting and completing the contract, though
after such completion, but before the lien is filed, the premises are sold.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 225–
233; Dec. Dig. § 137.*]

7. FRAUDULENT CONVEYANCES (§§ 298, 301*)—INTENT—SUFFICIENCY OF EVI-
DENCE.
   Evidence, in an action to foreclose a mechanic's lien, held to show
that a conveyance by the owner after completion of the contract, but
before the filing of the lien, was given and accepted with intent to de-
fraud the lienor out of her claim.
   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig.
§§ 892–895, 904–907; Dec. Dig. §§ 298, 301.*]

8. FRAUDULENT CONVEYANCES (§ 237*)—ACTION TO FORECLOSE LIEN—JURIS-
DICTION.
   In an action to foreclose a lien, the adjudging as fraudulent a trans-
fer intended to defeat the lien is an incident to the jurisdiction neces-
sary to make it effective.
   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig.
§§ 674–680, 684–686; Dec. Dig. § 237.*]

9. FRAUDULENT CONVEYANCES (§ 159*)— CONSIDERATION—PAST INDEBTEDNESS.
   A debtor's conveyance of property was a preferential payment to a
creditor where part of the consideration was a past indebtedness, though
the consideration was otherwise adequate, where the grantee took with
knowledge of an outstanding claim against the property for which a
mechanic's lien was subsequently filed in due time.
   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig.
§§ 506–509, 511, 515, 516; Dec. Dig. § 159.*]

10. MECHANICS' LIENS (§ 276*)—LIENS—ACTION TO FORECLOSE—COMPLAINT—
AMENDMENT.
   In a trial without a jury in an action to foreclose a mechanic's lien,
the court will, in furtherance of justice, under express authority of Code
·Civ. Proc. § 723, permit the complaint to be amended to supply an omit-
ted allegation that no other action has been brought to recover any part
of the debt.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 539–
545; Dec. Dig. § 276.*]

   Action by Edna K. Gettler Schultz, etc., against the Teichman En-
gineering & Construction Company and others to foreclose a mechan-
ic's lien. Judgment for plaintiff.

   Arthur A. Henning, of New York City, for plaintiff.
   Wm. A. Schumacher, of New York City, for defendants Teichman
Engineering & Construction Co. and Jennie E. Teichman.
   Harry Dubinsky, of New York City, for defendant Mundorf.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FINELITE, J.  This is an action brought to foreclose a mechanic's lien filed against the defendant Teichman Engineering & Construction Company as owners and contractors, and the defendants George H. Mundorf and Jennie E. Teichman as sureties on a bond.  Under an agreement dated December 4, 1909, the plaintiff agreed to furnish sand for the erection of a six-story apartment building by the defendant Teichman Engineering & Construction Company at 152d street and McComb's Dam Road for the sum of $700, which agreement was accepted by the said defendant.  Thereafter a verbal agreement was entered into between the same parties for an extra amount of sand to be furnished to said premises of the value of $30.80, making a total sum of $730.80, on which had been paid the sum of $500, leaving a balance still due and unpaid in the sum of $230.80, for which amount the plaintiff sues.

The defendants have interposed separate answers in substance denying the plaintiff's complaint, with the exception that they admit having executed an undertaking to the clerk of the county of New York in the sum of $500 and have set up separate defenses: First, that the complaint does not set forth nor has the plaintiff complied with section 814 of the Code of Civil Procedure; second, that the notice of lien does not comply in all respects with the requirements of the statute of the state of New York in such case made and provided; third, that the notice of lien filed as set forth in the complaint is insufficient and not a valid lien under the law.

After the contract was made and entered into as aforesaid for the furnishing of said sand and material, the defendant Teichman Engineering & Construction Company conveyed said premises to the defendant George H. Mundorf by deed dated the 29th day of October, 1910, and recorded in the office of the register of the county of New York.  Thereafter, and on the 28th day of November, 1910, the same premises were sold by said George H. Mundorf and his wife to the Beacon Falls Realty Company, a domestic corporation, by deed duly recorded in the office of the register of the county of New York; the consideration for such conveyances being the sum of $5,500, respectively.  On the 2d day of December, 1910, and within 90 days after the completion of said contract, the plaintiff duly filed her notice of lien in writing in the office of the clerk of the county of New York, which lien was thereafter bonded as aforesaid.

[1] The first ground of defense to said action, that the complaint does not set forth nor has the plaintiff complied with section 814 of the Code of Civil Procedure, which presumably refers to the undertaking given by the defendant Teichman Engineering & Construction Company in lieu of the lien as filed, that the action should be predicated against the sureties upon said undertaking and not to the foreclosure of the lien, is untenable.  Said section (814) provides that the party or other person so interested may maintain an action in his own name for a breach of the condition of the bond or of the terms of the undertaking upon procuring an order granting him leave so to do.  The order may be made by the court in which the action is or was pending; the City Court of the City of New York if the bond or undertaking was given in a special proceeding pending before a judge

.of that court, or in any other case by the Supreme Court. Notice of the application, therefore, must be given as directed by the court or judge to the person interested in the disposition of the proceeds.

The courts in this state have repeatedly held that in an action to foreclose a mechanic's lien which has been bonded it is unnecessary to first obtain leave to sue. Vitelli v. May, 120 App. Div. 448, 450, 104 N. Y. Supp. 1082; Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3; Reilly v. Poerschke, 14 Misc. Rep. 466, 36 N. Y. Supp. 1111.

[2] The second defense alleged by the defendants is that the notice of lien does not comply in all respects with the requirements of the statute of the state of New York in such case made and provided. Under the statute the prescribed requisites of such a notice must be in the following words: The notice of lien shall state, first, the name and residence of the lienor; second, the name of the owner of the real property against whose interest therein a lien is claimed and the interest of the owner, as far as known, to the lienor; third, the name of the person by whom the lienor was employed or to whom he furnished or is to furnish materials, or, if the lienor is a contractor or subcontractor, the person with whom the contract is made; fourth, the labor performed or to be performed, .or materials furnished or to be furnished, and the agreed price or value thereof; fifth, the amount unpaid to the lienor for such labor or materials; sixth, the time when the first and last items were performed and materials were furnished; .seventh, the property to be charged with a lien, where situated. From the examination of the notice of lien said plaintiff sets forth in full her residence and the trade-name under which she is now doing business. Second, the name of the owner of the real property against whose interest therein a lien is claimed is the Teichman Engineering & Construction Company, and the interest of the owner, as far as known to the lienor, is the owner in fee. Third, the name of the person by whom the lienor was employed is the Teichman Engineering & Construction Company. Fourth, the materials furnished were sand and grit. Then follows the agreed price and value of said materials as the sum of $730.68. Fifth, the amount unpaid to the lienor for materials is $230.68. Sixth, that the time when the first items of material were furnished was December 4, 1909, and the time when the last items of material were furnished was September 6, 1910. Thereafter it gives a diagram and description of the property against which the lien was filed. The amount sought to be recovered herein and the amount set forth in the lien differ slightly as to the amount of the cents, which is not material to the issues here to be decided. The said lien was filed under an act in relation to liens, constituting chapter 33 of the Consolidated Laws; the same having become a law February 17, 1909, and being chapter 38 of the Laws of 1909 and acts amendatory thereof.

[3-5] From an examination of said notice of lien the statute has been complied with sufficient to advise the defendant that a lien had been filed against said premises. This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce

the same. This action is one in equity to enforce a lien. The general spirit of equity controls in such cases if the court has jurisdiction. By subdivision 2 of section 315 this court has jurisdiction to foreclose or enforce a lien upon real property in the city of New York, created, as prescribed by statute, in favor of a person who has performed labor upon or furnished materials to be used in the construction, alteration, or repair of a building, in a sum not exceeding $2,000.

Although the City Court of the City of New York has no general equity jurisdiction, it is a court of record and not an "inferior local court" within the meaning of article 6, § 18, of the state Constitution, which forbids the Legislature to confer upon such courts "any equity jurisdiction."

The language of the section is that no inferior or local court of civil and criminal jurisdiction hereafter created (after 1846) shall be a court of record. The Marine (now the City) Court of the City of New York (Laws of 1883, c. 26) was declared to be a court of record with a seal in 1813 (Laws of 1813, c. 86; Laws of 1872, c. 629). It would seem to follow, therefore, that the Legislature may confer equity jurisdiction upon the City Court of the City of New York, especially where it creates an equitable remedy and confers upon the court jurisdiction to enforce it. This conclusion seems to be further justified by a decision of the Appellate Term in the case of Krugman v. Hanover Fire Insurance Co., 45 Misc. Rep. 346, 90 N. Y. Supp. 448, which arose upon a motion for interpleader under section 820 of the Code, which authorized the court to make an order of interpleader. Chief Justice O'Dwyer denied the motion (94 N. Y. Supp. 399) solely upon the ground that in the case of Wells v. Corn Exchange Bank, 43 Misc. Rep. 377, 87 N. Y. Supp. 480, the Appellate Term held (March, 1904) that the City Court had no general equity jurisdiction, and, as the granting of the order would have the effect of converting the plaintiff's action at law into one of equity (Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798; Dinley v. McCullaugh, 92 Hun, 454, 36 N. Y. Supp. 1007), the granting of the motion would oust the City Court of jurisdiction (Lawrence v. Lawrence, 32 Misc. Rep. 503; 66 N. Y. Supp. 393). In view of this decision, Chief Justice O'Dwyer felt constrained to deny the motion, but in his opinion observed that while the City Court had no general equity jurisdiction it had equity powers when the Legislature expressly conferred them upon the court, and that section 820 was made applicable to that court by section 3347 of the Code (citing Smith v. Emigrant Industrial Savings Bank, 2 N. Y. Supp. 617). Upon appeal the Appellate Term declined to follow the Wells Case, reversed the order, and sustained the view expressed in the opinion of the Chief Justice in denying the motion upon the ground that section 820 of the Code by express provision of the statute (Code, § 3347, sub. 4, 6; Jacobs v. Lieberman, 51 App. Div. 542, 64 N. Y. Supp. 953) was made applicable to the City Court, and that it was competent for the Legislature to confer such equity jurisdiction as attached, either expressly or by necessary implication (Krugman v. Hanover Fire Insurance Co., 45 Misc. Rep. 346, 90 N. Y. Supp. 448). This is not in conflict with Lewkowicz v. Queen Aëroplane Co., 100 N. E. 796, decided by the

Court of Appeals January 28, 1913, that chapter 569, Laws of 1911, is unconstitutional.

The court, having jurisdiction of the subject-matter involved herein, therefore, could enforce the foreclosure of the lien against the premises in question, and the liberal construction of the statutes provides governing mechanic's liens, so that substantial compliance with the statute is sufficient.

In Toop v. Smith, 181 N. Y. 285, 286, 73 N. E. 1113, 1114, Judge Werner, writing the opinion, says:

"Starting out with the premise that the statute is beneficial in character and is to be liberally construed, and that a substantial compliance with the provisions is sufficient to invest liens with validity and to give courts jurisdiction to confer them."

And at the bottom of the same page the court further states:

"It is urged that the statute does not contemplate a statement of the kind or amount of labor to be performed or materials furnished by a lienor. We think that is precisely what the statute does require. Such statement need not necessarily be a specific bill of particulars, but there must be such a general reference to the kind and amount of materials and labor furnished, or to be furnished, as to advise those who may have a legal interest in the subject of the character upon which the claim to a lien is based. In other words, there must be a substantial compliance with the requisites of the statutes." McKinney v. White, 15 App. Div. 423, 44 N. Y. Supp. 561, affirmed in 162 N. Y. 601, 57 N. E. 1116; Vitelli v. May, 120 App. Div. 448, 449, 104 N. Y. Supp. 1082.

[6] The notice of lien is sufficient when it recites the name of the owner at the time of the making of the contract and at the time of completion of same, even though after completion of the contract, but before filing of the lien, the premises were sold, the reason for that being the bringing in of any party, after work had been completed in whom title may be at the time, whose interest was strange to the issue, would not be a necessary party in the notice. Abelman v. Myer, 122 App. Div. 470, 106 N. Y. Supp. 978; Parsons v. Moses, 40 App. Div. 58, 60, 57 N. Y. Supp. 727; Berry v. Gavin, 88 Hun, 1, 34 N. Y. Supp. 505; Spruck v. McRoberts, 19 N. Y. Supp. 128 [1]; Ross v. Simon, 8 N. Y. Supp. 2; and Grippin v. Weed, 22 App. Div. 593, 48 N. Y. Supp. 112.

[7] The conveyances having been made at and before the plaintiff's lien was filed, and the action being brought to declare the claim of the plaintiff a valid lien upon said premises, irrespective of whether the conveyances theretofore made would in themselves constitute a fraud against the plaintiff, to give this court jurisdiction to declare such conveyances fraudulent, in so far as they deprive the plaintiff of her right to enforce her lien, it is in evidence as part of the plaintiff's case that the Teichman Engineering & Construction Company, its officers, Mundorf, Beacon Falls Realty Company, and its officers were so closely connected and interested that the plaintiff has unquestionably made out a clear case of collusion and conspiracy in attempting to defraud this plaintiff of her rights. From an examination of the documentary

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 634.

evidence it can be readily seen that at the time those transactions took place the dates are important in this case.   On the 29th day of October, 1910, the premises were sold by the defendant Teichman Engineering & Construction Company, to Mundorf, and Mundorf, on November 28, 1910, conveyed the premises to the Beacon Falls Realty Company;  some of the defendants being officers of the respective companies.   Mundorf's evidence, adduced upon the trial hereof shows that the consideration that was passed to the Teichman Engineering & Construction Company was for part of an indebtedness due him from said company, and the consideration fixed in said conveyance was $5,500;  that being the consideration fixed in the deed from Mundorf to the Beacon Falls Realty Company.   There is also evidence in the case that he was aware that the building was in course of construction, and presumably had knowledge that when the conveyance was made to him there was an indebtedness from said Teichman Engineering & Construction Company to its creditors.

[8] Where the defendant in an action in this court pleads a transfer of property, a general release, or other documents in bar of recovery, the court may in a proper case, and even in a common-law action, adjudge such instruments to be void so as to void their effect as a defense.

In an action to foreclose a lien the adjudging as fraudulent a transfer intended to defeat the lien is an incident to the jurisdiction necessary to make it effective.   Murray v. Gerety, 11 N. Y. Supp. 205. The jurisdiction being equitable in its nature, it follows that the court may be called upon to exercise equitable powers in carrying out the jurisdiction conferred.   Thus the validity of a conveyance given by an owner in fraud of the rights of a lienor may be determined in the action.   Meehan v. Williams, 36 How. Prac. 73; Linneman v. Bieber, 83 Hun, 477, 33 N. Y. Supp. 129; N. Y. Lumber & Wood-Working Co. v. Seventy-Third St. Bldg. Co., 5 App. Div. 87, 38 N. Y. Supp. 869.   Thus the transfers were not bona fide for value and were not taken without notice by the grantees as to the lien.

[9] The court may upon another ground hold the conveyance to Mundorf by the defendant company as a preferential payment to a creditor.   Mundorf testified that the Teichman Engineering & Construction Company owed him a lot of money and that this past indebtedness was part of the consideration.   This in itself makes the conveyance bad.   The consideration recited in the deed was $5,500, as aforesaid.   Mundorf then for the same consideration, as appears in the deed, conveyed to the Beacon Falls Realty Company, of which he was an officer, director, and stockholder at the time he took title and for some time previous thereto, together with all the officers of the Teichman Engineering & Construction Company.

It seems that the proper construction to give to these transactions is that Mundorf paid no consideration, but merely acted as the accommodating party for the Teichman Engineering & Construction Company and the Beacon Falls Realty Company, his company;  he having been selected in all probability by reason of his not having been an officer of the Teichman Engineering & Construction Company and to cure

any question or objection that may be raised as to fraud or innocent purchaser.

As to the question of the consideration, although it may be considered adequate, under the circumstances the courts have held that a conveyance made with facts in possession of the grantee would be insufficient to uphold such a conveyance. Not only this, but the only conclusion which the court can draw from the undisputed facts is that the conveyance was given and accepted with the intent of hindering and defrauding the lienor out of her claim. It was therefore void as to her. Greenwald v. Wales, 174 N. Y. 140, 66 N. E. 665; Starin v. Kelly, 88 N. Y. 418; Concord Const. Co. v. Plante, 137 App. Div. 243, 246, 121 N. Y. Supp. 1026.

In New York Lumber Company v. Seventy-Third St. Bldg. Co., supra, Gross v. Daly, 5 Daly, 540, Linneman v. Bieber, supra, and Tisdale v. Moore, 8 Hun, 19, it has been held when the right to a lien has accrued a conveyance of the property by the owner will not defeat the lien where it is made to appear that a conveyance was not bona fide and was made with intent to defraud a person who was entitled to a lien. In Parsons v. Moses, 40 App. Div. 58, 60, 57 N. Y. Supp. 727, 728, Justice Cullen, writing the opinion, stated:

"If the conveyance from the latter to the former was made with intent to defraud a claimant of his lien, it was undoubtedly void, and the plaintiff could enforce his lien against the property despite the conveyance"—citing Starin v. Kelly, 88 N. Y. 418; Linneman v. Bieber, supra; Tisdale v. Moore, supra; Gross v. Daly, supra.

[10] The further ground urged by the defendants is that the plaintiff failed to allege in her complaint that it did not contain an allegation that no other action, et cetera, had been brought to recover any part of the debt. In Douglass v. F. W. Carlin Con. Co. et al., 149 App. Div. 856, 858, 134 N. Y. Supp. 709, 710, the court in writing upon this question said:

"We are equally persuaded that while it was necessary to a proper complaint in an action to foreclose a mechanic's lien to allege that no other action had been brought upon the debt, it was within the discretionary power of the court, under the provisions of section 723 of the Code of Civil Procedure, to amend the complaint by 'inserting an allegation material to the case.' It was held in Riesgo v. Glengariffe Realty Co., 116 App. Div. 416, 419 [101 N. Y. Supp. 832], affirmed without opinion sub nom. Riesgo v. Clark, 194 N. Y. 600 [88 N. E. 1130], that such an allegation in an action to foreclose a mortgage was not a part of plaintiff's cause of action which the plaintiff was bound to support by evidence upon a denial of knowledge or information sufficient to form a belief, but that it 'seems to require the insertion of such an allegation in the complaint for the information of the court upon a trial, and not to raise an issue which by the mere denial of the allegation would require the plaintiff to prove negative of an affirmative defense. It would seem to be analogous to those cases where a formal allegation is required in a complaint, but of which no proof is required upon the trial, like an allegation of a breach of contract to pay a sum of money, where it is essential that the plaintiff should allege a breach of a contract of which it complains; but a denial of that allegation does not put the fact in issue. This being the purpose of the provision of the statute (Code Civ. Proc. §§ 1629, 3401; Lien Law [Consol. Laws, 1909, c. 33]; Laws 1909, c. 38, § 43) requiring the statement of this fact, and it not being a part of the plaintiff's cause of action, in the sense that it gives her a wrong to be remedied, it follows as a matter of course that where it

has failed to raise the objection by demurrer the court will permit an amendment upon the trial by permitting the insertion of an allegation material to the case. In such a case the power of the court is limited merely to the question of where substantial justice is to be permitted by the amendment. Maders v. Whallon, 74 Hun, 372, 376 [26 N. Y. Supp. 614]. This conclusion is in entire harmony with the rule laid down by the court in National Bank of Deposit v. Rogers, 166 N. Y. 380 [59 N. E. 922], and with the whole tenor of modern judicial determinations.'"

As this action is tried before the court without a jury, the court allows the amendment under section 723 of the Code of Civil Procedure, and it may be considered so amended.

But one other point may be considered. The defendants rely upon Fanning v. Belle Terre Estate, 152 App. Div. 718, 137 N. Y. Supp. 595, in support of their contention that the conveyances from the defendant Teichman Engineering & Construction Company to Mundorf and Mundorf to the Beacon Falls Realty Company and its grantee are not subject to the lien by reason of such conveyances, as there is nothing to identify the last purchaser with the first seller save the fact that they had certain officers and offices in common, but the holding in that case must, it seems to me, be confined to the facts there presented.

Upon the issues herein, after hearing the proofs and allegations of the parties, I decide that the plaintiff is entitled to judgment establishing her lien, as prayed for in her complaint.

The grounds for this decision, concisely stated, are that upon the whole case plaintiff has established by a preponderance of evidence that the defendant Teichman Engineering & Construction Company is indebted to the plaintiff in the sum of $230.68 upon its contract for materials furnished said defendant, which were actually used in the erection and construction of the building upon the land and premises described in the complaint and for which plaintiff filed a lien, as stated in the complaint, on the 2d day of December, 1910.

Plaintiff is entitled to judgment establishing her lien and for the recovery of the sum of $230.68, the amount due thereon, with interest from the commencement of the action, with costs and disbursements of this action to be taxed. Said costs are awarded to the plaintiff against the defendant Teichman Engineering & Construction Company and I hereby order and direct that plaintiff have judgment in form against said property, but against the defendants individually as and for such breach of said undertaking for the sum of $230.68, with interest and costs, as aforesaid.

Settle decision on one day's notice.