In the Matter of Proceedings Supplementary to Judgment: JACOB BROWN, Plaintiff, *v.* MARY E. GUERIN, Defendant.

City Court of New York, Kings County, May 13, 1937.

*Wolfson & Sand* [*Joseph H. Sand* of counsel], for the judgment creditor and the receiver, in support of the motion.

*I. J. Ginsberg,* for the judgment debtor, in opposition.

GEISMAR, J. The movant asks that the receiver in supplementary proceedings be authorized to borrow $1,448.61 in order to pay off superior existing liens and to satisfy them in order to get them out of the way so that an assignment of rents and profits may be annulled. In such event then the receiver will receive said rents and profits and pay off the money borrowed, and when this is done then pay off from the funds further received from the same source the judgment and the expenses of the receivership. Such functions as these come exclusively within the powers and purview of an equity receivership. The receivership in supplementary proceedings is based on statutory enactment and not upon equity powers. There is nothing in such statute that in the slightest degree confers equity powers of this character, not even by the most liberal interpretation. A supplementary receivership is purely for the purpose of receiving and then paying out, and there is no authority for any construction that permits active management of the property such as is included in an equity receivership. In corroboration of this view are all those cases which hold clearly and definitely that under the constitutional provision establishing the City Court the said court has no equitable jurisdiction. (See *Harvey* v. *Raynor*, 32 Misc. 639.) There seems, however, to be a decision holding that the Legislature may confer equity jurisdiction on the City Court (*Schultz* v. *Teichman Engineering & Const. Co.*, 79 Misc. 357), but, even so, assuming, for the sake of argument, that this decision is correct, although I cannot agree with it, such grant must be clear, distinctive and without doubt and be not merely the subject of questionable inference. The motion must be denied. Submit order.